FRANKLIN,
*April,*
1836.

JACOB B. CLARK *vs.* TIMOTHY FOSTER.

A person assuming to act as the agent of another without authority may be made liable on the contract as principal. Or if the nature of the case do not admit of such remedy he may be made liable for all damages by action on the case as for a deceit.

Thus assuming to act is *prima facie* fraudulent and the plaintiff need only show the acting as agent without authority and his damages sustained thereby.

The *onus probandi* to disapprove the fraud is on the defendant.

This was a special action on the case for deceit, commenced against the defendant Foster and one John Taylor against whom a *non est inventus* return was made by the Sheriff.—Plea, general issue.

The declaration alleges that the plaintiff was the owner of a piece of land in St. Albans, and the defendant and said Taylor assuming to be agents and attornies of one Joseph Weeks, and falsely pretending that they were duly authorised by Weeks to purchase the premises for him, and execute a mortgage deed for the security of the purchase money, the plaintiff deeded the land in question to said Weeks and took of the defendant and Taylor a certain note in payment against Luke Sealey and Nathaniel Bowker, and for the security of the said note the defendant and Taylor as agents and attornies of Weeks mortgaged back the premises in question to the plaintiff, the condition of which mortgage was that the said note should be paid or collected by due course of law; that the note was never paid, Sealey having left the state, and Bowker having sworn out of jail in a suit upon said note ; that the plaintiff brought a bill in chancery to foreclose the mortgage against said Weeks which was dismissed on the ground that the defendant and Taylor had no authority from Weeks to execute said mortgage.

Upon the trial of the case it appeared that nothing had been realized by the plaintiff on the note against Sealey and Bowker. It further appeared that for some days previous to the execution of said mortgage a negotiation had been on foot between said Weeks and the plaintiff relating to the transfer of real estate and other business connected therewith—that Weeks was very low with a fit of sickness; and that in consequence of his inability to transact business in person, he executed to the defendant and Taylor a power of attorney. This power was conceded to be invalid.

No evidence was given tending to show that any conversation passed between the plaintiff and his counsel and the defendant previous to the execution of the mortgage relative to the giving of said mortgage or to the contract evidenced thereby, or to the ex-

tent of defendant's powers as attorney of Weeks. It appeared that the treaty was conducted with Taylor—and that after the terms were settled, and the mortgage drawn the defendant was called on by Taylor and joined in executing the mortgage.

FRANKLIN, *April,* 1836.

Clark *vs.* Foster.

The defendant having discharged Weeks called him as a witness, and offered to prove that in conversation between Weeks and the plaintiff in relation to the business aforesaid a few days previous to the execution of said mortgage it was understood and expressly agreed—that the plaintiff should take the note against Sealy and Bowker at his own risk and without any guaranty or security whatever. This evidence was objected to—and the court decided that if the evidence was to be followed with any proof going to show that the plaintiff obtained the mortgage by means of any false account of the previous understanding between himself and Weeks, it would be admissible but otherwise not; and it not being proposed to furnish any such additional proof the witness was excluded.

The plaintiff also gave evidence of the costs incurred by him in the chancery suit aforesaid, and of the costs recovered by Weeks therein and paid by the plaintiff—to the allowance to which in this action the defendant objected.

The court decided and charged that the plaintiff was entitled to recover. Verdict, for plaintiff for $170,65, being for the judgment and committing fees against Bowker and the cost in chancery aforesaid with interest thereon. To these decisions the defendant excepted.

*A. and A. O. Aldis for plaintiff.*—1. The agent who assumes an authority he has not, or who exceeds his authority so that his principal is not bound, makes himself personally liable.—2 Kent Comm. 630 and cases there cited.—8 Mass. 189.

2. For such unlawful assumption of authority the agent is liable in a special action on the case, and in such action it is not necessary to show actual fraud on the part of the agent.—2 Kent Comm. 631-2·—11 Mass. 97 *Long* vs. *Coburn*.—16 Mass. 461 *Ballou* vs. *Talbot*.—2 Greenleaf 14.

3. The mortgage is in legal form and would have bound Weeks if the agent had authority to execute it.—11 Mass. 98 (as above.)—Pal. on Ag. 152-3.—1 Liv. on Ag. 105.—2 East. 142 *Willis* vs. *Bach*.

4. The mortgage was offered to show the fact of the unlawful

Franklin,
April,
1836.

Clark
vs.
Foster.

assumption of authority, and being offered for this purpose it is immaterial whether it was in legal form or not.

5. The plaintiff is not bound to show what passed between Taylor and Foster, or between them and Weeks.

6. That previous to the execution of the mortgage the plaintiff had made a different agreement with the principal from that which he finally made with the agent does not, by itself alone, show fraud on the part of the plaintiff. This change in the contract might have happened honestly, and if so the law will not presume fraud.

Had Clark arranged the whole contract with Weeks except the mere execution of the writings, and then refused to proceed farther unless the agent would consent to this change, it would not have been fraud.

7. The costs of the bill of foreclosure form a part of our damages, as plaintiff was led to adopt that remedy by their unlawful assumption of authority.

8. The amount of the notes not paid or collected, and which the mortgage was intended to secure is also a part of plaintiff's damages.—11 Wend. 485, *Feeter* vs. *Heath.* For,

1st. Weeks is not personally liable. The mortgage was to secure the payment or collection of debts on which Weeks was not liable. No writing was executed to plaintiff from the agent except the mortgage deed.—5 Mass. 11, *Banorgee* vs. *Hovey.*—4 Kent Comm. 145:—1 Pow. Mort. 16, Note 2.

2. Even if there be a remedy against Weeks the plaintiff ought still to have this action against the agent.

The mortgage was the main inducement to the contract, the land being a certain and ample security. To Week's personal responsibility alone plaintiff would not have trusted. Now, if by defendant's wrongful assumption of authority this certain security has failed the plaintiff, the defendant should make it good and not turn plaintiff over to another and uncertain remedy.

3. It is right as between plaintiff and defendant, that the defendant, who has deprived plaintiff of his certain remedy for an uncertain one, should himself be obliged to resort to this uncertain remedy.

*Mr. Smith for defendant.*—The defendant contends that the deed executed by the defendant and John Taylor, ought not to have been admitted to go in evidence to the Jury.

1. Because there is no evidence in the case that Weeks either by himself or by his attornies ever made a contract with the plain-

FRANKLIN,
April,
1836.

Clark
vs.
Foster.

tiff whereby the ultimate collection of said demands against Bowker and Sealy was warranted. The deed itself cannot be considered a contract of warranty, and in no other light than a pledge or security, to ensure the fulfilment of a pre-existing contract.—19 John. R. 60, *Randall* vs. *Van Vecten.*

2. But if the deed can be regarded as *the contract of warranty in itself*, then it is binding on Weeks as such, although void so far forth as relates to the security. And the suit should have been brought against Weeks on the contract of warranty in as much as the power of attorney from Weeks would authorise the defendant and Taylor to make such contract.

When the agent discloses his principal, and the power under which he acts, he can in no case be made personally liable.—2 Starkie's Ev. 1619.

But if the defendant is made liable on the ground that he trancended his authority, the remedy is by an action on the covenants in said deed.—7 Con. R. 220.—13 John. R. 307.

3. Neither the deed itself or taken in connection with any testimony in the case, tended in the least degree to show any *fraud* on the part of Foster. This action sounds in tort, and no acts or declarations of Taylor could make Foster liable. All that was said, or done in relation to the business was wholly between the plaintiff and Taylor. Foster was only called in and silently signed the deed which the plaintiff had got prepared.

Again. The plaintiff knew that the defendant could not without a power of attorney to that effect, execute a valid deed against Weeks. The power of attorney under which the defendant acted was recorded in the town clerk's office in St. Albans. Hence the plaintiff was as fully apprized as to the nature and extent of the defendant's agency as was the defendant himself. The plaintiff had precisely the same means to enable him to judge of the authority conferred by the power of attorney as the defendant had. The plaintiff and defendant might and probably did act under a mistake as to the power of attorney from Weeks, and if so, it would at the most make the defendant liable as in a case when the agent transcends his authority, but could in no wise make him liable on the ground of having practiced a fraud on the plaintiff.—17 John. R. 555–6, *Skinner* vs. *Dayton*, do. 559, 566, 567–8, do. 569.

4. It is contended that the court erred in excluding the testimony of Weeks. Had the suit been against Weeks or even against Foster and Taylor on the contract of warranty on the covenants in said deed, then there might have been some propriety in excluding

FRANKLIN,
April,
1836.

Clark
vs.
Foster.

such evidence as was offered unless *"followed up with evidence tending to prove that the plaintiff obtained the mortgage by means of any false account of the previous understanding between himself and Weeks."*

But if it be true as the defendant offered to prove that the contract in relation to the demand against Bowker and Sealey was made between the plaintiff and Weeks himself, and that by the terms of said contract the plaintiff was to take *that demand* in part payment for the property sold to Weeks at his own risk, how is the plaintiff *defrauded* by the execution of the deed by the defendant (which although as against Weeks is void) but which purported to secure to the plaintiff the fulfilment of a contract of warranty which in fact was never entered into ; neither was Clark entitled by the terms of the contract for the sale of the property to any guarantee of the collection of that demand.

Again. The mortgage deed, if palmed upon the plaintiff by *fraudulent* representations of the defendant, as it only effected the plaintiff's ultimate security, could not operate as an injury to the plaintiff, only in the event that Weeks should prove insolvent and unable to pay. Hence that fact should have been alleged and proved by the plaintiff, in order to entitle him to recover of defendant.

Lastly. It appears from the papers referred to that the plaintiff prior to the commencement of this suit had parted with all his interest by an assignment of the mortgage deed, and all sums mentioned in the proviso to one Lewis M. Wharton : consequently he cannot maintain this action.

The opinion of the court was delivered by

PHELPS, J.—It seems to be well settled, that a person assuming to act as the agent of another, without authority from his supposed principal, becomes personally liable. And it has been often held, that he may be treated as a principal party to the contract, and made responsible as such.

There are cases however, in which from the nature of the transaction, this remedy would be unavailable to the party injured. So in this case, if the defendent is treated as a principal in the contract, yet, the object of the contract being to create a security upon the real estate of Weeks, the supposed principal, no redress in this way could be had. The rule therefore would not aid the defective security ; for if Foster made the mortgage as principal, it would not bind the land of Weeks.

FRANKLIN,
April,
1836.

Clark
vs.
Foster.

The plaintiff has therefore resorted to his action on the case, counting upon the deceit. There is no doubt, that assuming to act as the agent of another, without authority for that purpose, is, generally speaking, fraudulent in itself. If the party represents that he has authority, knowing that he has not, it is morally as well as legally fraudulent. In the eye of the law, the assuming to act is equivalent to such a representation, and if the party have no authority, and the other party contract with him supposing that he has such authority, the effect is fraudulent. And where the case does not admit of a remedy by enforcing the contract against the supposed agent, as in effect the principal, the party is necessarily driven to his action for the deceit.

The only serious question which can arise, is as to the burthen of proof. But we are of opinion, that assuming to act as agent in such case is *prima facia* fraudulent—that the plaintiff need show no more than such an assumption without competent authority, and that the *onus probandi* lies on the defendant to rebut the presumption of fraud.

It is true however, that fraud must be shown, in order to sustain this action. Where therefore the agent discloses his authority, and the parties are misled by a mutual misapprehension of the law as to the extent of that agency, an action for deceit most clearly would not lie.

It is on this principal, that persons acting as public agents are not personally bound if they transcend their authority. And so in this case, had the power of attorney been exhibited to the plaintiff, I for one, should have held it a mistake in point of law as to the effect of that instrument. But the case does not disclose that the plaintiff was made acquainted with the tenor of that instrument, or had the means of judging of the extent of the authority conferred by it. The case falls within the general rule above laid down, and the presumption of law is, that the plaintiff relied upon the representations of the defendant. The recording the power was no legal notice to the plaintiff of its contents. It became, when recorded, in connexion with the deed executed under it, evidence of title, so far as it went, of which a subsequent purchaser or attaching creditor would be presumed to have notice. But as mere evidence of a personal agency, as between these parties, there was no necessity for recording it, until something had been done under it, and the plaintiff cannot be supposed to look to the town record for evidence of its purport.

FRANKLIN,
*April,*
1836.

Clark
*vs.*
Foster.

As to the evidence of Weeks, which was offered and rejected, it is impossible to conceive, how it can be brought to bear on this controversy. His testimony merely went to show that he made no contract to guarantee the note. The papers in the case show conclusively that the defendant did subsequently make such a contract, professing to have authority for that purpose, and the complaint is, that his profession was false. The testimony of Weeks therefore if received would not vary the case.

Judgment affirmed.