### JOHN S. ROYCE v. WILLIAM ALLEN.

*Agent.*

If, in a simple contract made by an agent, the agent does not disclose his agency and name his principal, or, if he exceed his authority, he will render himself personally responsible.

BOOK ACCOUNT. The plaintiff's account was for his services in a suit brought by Theodora Allen, the mother of the defendant, against Dolphus Paul, to recover for property attached by him, as the property of Henry Allen, a brother of the defendant.

The auditor reported the following facts. Theodora Allen appointed the defendant her agent to consult with Homer E. Royce in reference to the propriety of commencing a suit for her for the property attached by said Paul; and, in case he, said Homer E. Royce, should be of opinion that an action could be maintained, to commence a suit therefor; but she *did not, at any time, give to the defendant any direction or authority to employ any other counsel on her behalf.* A suit was commenced against Paul, by the defendant, as agent for his mother, and in her name, and for her sole benefit; which suit was made returnable before a justice of the peace. In pursuance of the directions given by his mother, the defendant retained Homer E. Royce as counsel for her, and he acted for her in that capacity during the pendency of the suit, which duly passed into the county court, and was there discontinued; and he charged his fees to Theodora Allen. A short time previous to the commencement of the said suit, the defendant, while acting as agent for his mother, agreed with one Harvey D. Farrar, her son-in-law, to retain the plaintiff as counsel in the case; but it was not the expectation of said Allen or Farrar that either was to be personally responsible therefor.

Immediately after this, the said Farrar saw the plaintiff and informed him that the defendant wished to retain him in the suit, *Theodora Allen* v. *Paul*, but did not inform him for whose benefit the suit was to be prosecuted, though said Farrar knew that Theodora Allen was alone interested in it.

The plaintiff, in pursuance of this retainer, acted as counsel in the case, as well before the justice as in the county court, and from time to time *charged his services to the defendant, whom he believed*

*to be his employer and responsible to him for the service, and who took charge of the suit,* as agent for his mother, and who at sundry times consulted with the plaintiff in reference to the prosecution of the suit. At the time the plaintiff was employed, the defendant *did not intend to become personally responsible* on account of such employment, nor did he, at any time during the pendency of said suit, inform the present plaintiff of the capacity in which he acted, nor who was to pay the expenses of the suit, nor for whose benefit the same was prosecuted; nor was the plaintiff informed thereof by any one prior to the commencement of this suit; nor did he make any inquiry in reference thereto. Soon after the plaintiff was retained, Theodora Allen was informed thereof by the defendant, and she expressed herself dissatisfied, but gave no express direction whether the plaintiff should be continued as counsel or not. Both the defendant and Theodora Allen were responsible for a much larger sum than the amount of the plaintiff's account, respecting the reasonableness of which no question was made.

Upon the report of the auditor, the county court, December Term, 1854,—PECK, J., presiding,—rendered judgment in favor of the plaintiff for the amount of his account. Exceptions by the defendant.

*J. Rand* for the defendant.

*J. S. Royce* for the plaintiff.

The opinion of the court was delivered by

ISHAM, J. It appears from the report of the auditor, that the defendant was acting as the agent of Mrs. Allen, in the preparation and prosecution of the suit against Dolphus Paul. The plaintiff was employed by the defendant, as counsel in that case, and for his services in that capacity the charges were made for which this suit is brought. It is distinctly stated that the charges were originally made against the defendant, whom the plaintiff believed to be his employer, and responsible to him for the amount, and that, at no time during the pendency of the suit, did the defendant inform the plaintiff that he was retained by him, as agent for Mrs. Allen; nor was the plaintiff in fact informed by any one, previous to the commencement of this suit, for whose benefit that suit was

prosecuted, or who was to pay the expenses of it. Under these circumstances, it is clear that the defendant is responsible to the plaintiff for his account. The law upon this subject is well established, that, in simple contracts, if the agent does not disclose his agency, and name his principal, he binds himself, and is subject to all liabilities, express and implied, created by the contract, in the same manner as if he were the principal in interest. 1 Am. Lead. Cas. 609, note; Chitty on Cont. 226. The fact that the defendant did not intend to assume a personal liability, can make no difference in the principle which governs the case. If the agency of the defendant, and the name of his principal had been disclosed at the time the plaintiff was retained, and it was sought to charge the agent with a personal liability on the contract, it would then become a matter of intention, and the agent would not be liable, unless such was the intention of both parties. *Smith* v. *Watson*, 14 Vt. 332. The case under consideration falls within the application of this principle. The services were rendered on the credit and responsibility of the defendant. His agency was not disclosed, nor was the name of the principal, at any time before the commencement of this suit.

It is also stated in the case that Mrs. Allen did not, at any time, give to the defendant any direction or authority to employ the plaintiff on her behalf, and when she was afterwards informed of that fact, she expressed her dissatisfaction that the plaintiff had been employed. If the defendant exceeded his authority in retaining the plaintiff, he thereby rendered himself personally liable for the defendant's account. This is a general principle, and on simple contracts we are not aware of any exceptions to the rule. 1 Amer. Lead. Cas. 609. *Meach* v. *Smith*, 7 Wend. 315; *Futer* v. *Heath*, 11 Wend. 478; *Roberts* v. *Button et al.*, 14 Vt. 195. On both of these grounds, therefore, we think the defendant is liable for this account.

The judgment of the county court is affirmed.