## WEARE v. GOVE.

Where an agent assumes to bind another by a promissory note, when he has no authority to do so, and his language, stripped of what he had no right to place there, imports a promise by him personally, he is himself bound as the promissor.

Nor is he relieved by showing that he merely, and in good faith, executed an authority which the principal, a school district, attempted to confer, but which it had no power to confer upon him.

ASSUMPSIT upon a promissory note, a copy of which is set forth in the case *Weare* v. *School District No.* 16, in said town, *ante*.

The parties agreed that the facts in this case were the same as reported in the case against said school district.

It was agreed that judgment be rendered in this suit according to the opinion of the court upon the agreed statement of facts, reserving to either party the right to trial by jury.

*I. W. Smith*, for the plaintiffs.

*Morrison, Stanley & Clark*, for the defendant.

BELLOWS, J.  As we have seen, in *Weare* v. *School District*, before reported, the agents had no authority to bind the district by a promissory note, and, striking out those parts which they had no authority to put there, and which represent them as contracting for the district, if such there be, there are clearly apt words to bind them individually, and to bring this case within the principle of our decisions.   *Underhill* v. *Gibson*, 2 N. H. 352; *Savage* v. *Rix*, 9 N. H. 268; *Woodes* v. *Dennett*, 9 N. H. 58; *Pettengill* v. *McGregor*, 12 N. H. 191; *Moore* v. *Wilson*, 26 N. H. 336; *Bank* v. *Flanders*, 4 N. H. 239.

But, while admitting the general principle in its full force, the defendant's counsel suggests a distinction between the case of an agent who exceeds his authority, and a case where he simply executes the authority which the principal attempts to confer, but which he has no power to confer.   In the latter case he contends that the agent is not bound, because both parties are able to judge of the capacity of the principal to confer the authority in question. But we are unable to find any authority for such a distinction, or to perceive any sound principle upon which it can be placed.   There may be cases where the general principle does not apply, as where the promisee, being fully informed of the facts upon which the assumed authority rests, forms his own judgment, and contracts for and relies upon the engagement of the principal alone.   In such a case it would be unjust that the agent should be bound, because such was not the contract; nor could the promisee object that the words purporting to charge the principal were improperly used, inasmuch as they were so used with his own assent, and with a full knowledge of the circumstances affecting the authority so to do. This view finds some countenance from the case of *Smout* v. *Illsbury*, 10 M. & W. 1, and also in Story on Agency, sec. 265, and cases cited.

But such is not the case before us, for it is neither shown that the town had knowledge of the true state of the defendant's authority, or that it contracted only for the promise of the district, but so far as the facts are disclosed it is the ordinary case of a promise by an agent without authority to bind the principal, and in language which, stripped of what he had no right to place there, imports a promise by himself.   In such a case, by the well settled law of this State, an action may be maintained against the agent directly upon the promise itself.   Such also is said to be the law of New-York; Story on Agency, 3d ed., p. 322, note 2, and cases cited; and the same doctrine is held in other States.   *Clark* v. *Foster*, 8 Vt. 98;

*Royce* v. *Allen*, 28 Vt. 234; and Am. Lead. Cases 636, and authorities collected. In Massachusetts, it seems to be held that the remedy in such cases should take the form of an action on the case. *Ballou* v. *Talbot*, 16 Mass. 464; *Jefts and wife* v. *York*, 4 Cush. 371, and 10 Cush. 392. But it is assumed in these cases that this law of Massachusetts, on this point, differs from that of other States. A similar doctrine is laid down in *Jenkins* v. *Hutchinson*, 13 A. & E. 744; although Mr. Smith, in 2 Leading Cases, states, as the result of the English decisions, that if a person represent himself to be an agent, but really has no principal, he is, in law, himself the principal; and the same doctrine is recognized in *Jones* v. *Dowman*, 4 A. & E. 234. This conflict, however, between our own and the English and Massachusetts cases, is mainly as to the form of the remedy, for in *Smout* v. *Illsbury*, 10 M. & W. 1, it is laid down, as settled in England, that the agent is personally responsible in the following cases: 1. When he makes a fraudulent representation, with an intention to deceive. 2. When he has no authority, and he knows it, but nevertheless makes the contract as having authority. 3. When, although in fact he has no authority, yet he *bonâ fide* believes that he has, and therefore acts in good faith. In the last mentioned description of cases, although no fraud or wrongful motive can be imputed to the agent, still his act is an affirmation that he has authority to make the contract, and he may justly be held responsible for the truth of it; and it is no more than reasonable that he should suffer the consequences of his mistake, rather than the party who is misled by it, because, before holding himself out as such agent, it is his duty to ascertain whether his claim so to act is well founded or not; and he surely can not be heard to complain that others have confided in his assertion of authority, and upon the strength of it have entered into reciprocal engagements with him. Even if wholly innocent of any wrongful purpose, his case falls within the familiar principle, that when one of two innocent persons must suffer a loss, it ought to be borne by him who has been the means of causing it, by inducing the other to confide in the truth of his representations. With these views there must be

*Judgment for the plaintiffs.*