Farmers & Mechanics v. Flint.

---

## FARMERS & MECHANICS v. JOSEPH FLINT, JR.

The moral obligation resting upon a bankrupt to pay his debts, which were contracted prior to his discharge in bankruptcy, is a sufficient consideration for a new promise, after the discharge, to pay such debt.

Such new promise may be proved by parol evidence.

And it seems that it is unnecessary to declare upon the new promise. But if this be necessary, yet if the plaintiff has declared upon the original contract, and has replied a new promise to the defendant's plea of bankruptcy, and the defendant has traversed the fact of such new promise, judgment will not be arrested,—since the replication is not a departure in pleading, nor is the issue, thus formed, immaterial.

When, in such case, it is apparent, from the whole record, that the judgment of the court below was correct, and that the same result must have followed, if the plaintiff had declared upon the new promise, judgment will not be arrested.

ASSUMPSIT upon a promissory note, for $38.99, dated February 5, 1842, and made payable to the plaintiffs, or order, on demand, with interest annually. The declaration contained also a count for goods, &c., sold and delivered.

The defendant pleaded, in bar of the action, his discharge in bankruptcy, duly obtained in the district court of the United States, on the 11th day of January, 1843, under the Act of Congress of August 19, 1841. The plaintiff replied that the defendant, after he had obtained his discharge in bankruptcy, as set forth in his plea, promised to pay to the plaintiffs the claims specified in the declaration. This replication was traversed by the defendant.

Farmers & Mechanics *v*. Flint.

On trial the plaintiffs offered parol evidence that the defendant, in the summer and autumn of 1843, expressly promised the plaintiffs that he would pay to them the note specified in the declaration, and also the sum of two dollars, which the plaintiffs claimed under the count for goods sold. To this evidence the defendant objected, upon the ground that the promise, in order to be of any force, must be in writing; but the court overruled the objection and admitted the evidence; to which decision the defendant excepted.

After verdict for the plaintiffs the defendant filed a motion in arrest of judgment; which motion was overruled by the court; to which decision the defendant also excepted.

*E. Weston* for defendant.

The defendant contends that, there is no good and lawful consideration set forth in the plaintiffs' replication; and that, if there is, the promise, to be binding, should have been in writing. It is a rule of law, that a debt, extinguished by a release by deed, cannot be revived by a subsequent parol promise, made without a fresh consideration. *Hall, exparte*, 38 E. C. L., 428. The defendant, in this case, was *discharged* by a judgment of the United States' Court, acting under the law of congress, which is of greater binding force, and a more perfect discharge, than the mere act of the plaintiff in executing a release. By the action, of the district court, under the law of congress, the debt was *extinguished;* and if so, no moral obligation existed, on which to found a consideration for a new promise.

Even if a new promise is binding without a fresh consideration, good policy requires it to be in writing.

The replication to the plea of bankruptcy admits that the promises set up in the declaration were before the defendant became bankrupt, and that the same were discharged by the bankruptcy, and sets up and seeks to recover on a new and distinct promise; which is a *departure*. 1 Chit. Pl. 557–560. Gould's pl. 453 *et seq. Stoughton* v. *Mott*, 15 Vt. 169, 170.

*J. P. Kidder* for plaintiff.

1. A moral obligation is a sufficient consideration, when a good and valid consideration has once existed. Com. on Cont. 23.

Farmers & Mechanics *v.* Flint.

*Hawkes* v. *Saunders*, Cowp. 289.   A debt, discharged by the oper-
ation of the *bankrupt act*, is analagous to one barred by the statute
of limitations.   In both cases there was once a good and valid con-
sideration, but, by the operation of *law*, both are discharged ; or, in
other words, by the aid of the law, the party can avoid paying his
honest debts ;—but there is still a moral obligation on the part of
the debtor to answer the debt.   Chit. Pl. 61, and cases there cited.
Chit. on Bills, 738.   *Maxim* v. *Morse*, 8 Mass. 127.   2 Stark. Ev.
131.   4 Campb. 205.   In *England* the point was settled, that a
*mere* promise was sufficient to revive the debt.   When they passed
a statute, that, in order to have the promise of legal force, it must
be made in writing.   6 Geo. 4, c. 16, s. 131.

2.   The objection is taken, that the plaintiffs ought to have de-
clared *specially*, upon the new promise.   To declare, in these cases,
upon the original contract has ever been the settled doctrine of the
common law ; and we have not been fortunate enough to find even
a dictum against this position. ˙ Chit. Pl. 61. 2 Stark. 68. 2 Stark.
Ev. 131.   *Freeman* v. *Fenton*, Cowp. 544.   4 Campb. 205.   *Gailer*
v. *Grinnel*, 2 Aik. 349.   *Maxim* v. *Morse*, 8 Mass, 127.   2 H. Bl.
116.   *Leaper* v. *Tatton*, 16 East 420.   *Shipley* v. *Henderson*, 14
Johns. 178.   *Depuy* v. *Swart*, 3 Wend. 135.   Wheat. Selw. 247.
The defendant, to save this point in the case, ought to have *de-
murred* to the replication.   If a verdict is against the party tendering
the issue, judgment must regularly go against him, for as the fault
in the issue commenced on his part, his *traverse* being bad in law,
and found to be false in fact, it is unreasonable to arrest the judg-
ment.   Goulds Pl. 509–510.

The opinion of the court was delivered by

HEBARD, J.   The first point made by the defendant is, that
there was no consideration for the new promise.   This depends up-
on the condition, in which the discharge in bankruptcy leaves the
original debt.   It has been argued here that the debt was left un-
encumbered by any *equitable* or *moral* obligation on the part of the
bankrupt to pay it.   And if that be so, there would be no consider-
ation for the promise.   In the case of *Hall, exparte*, 38 E. C. L.
426, the court held that a note, given for the amount of a former
debt, which had been released by deed, was *nudum pactum ;* and,

Farmers & Mechanics *v.* Flint.

upon the authority of that case mainly, it has been urged that the promise in this case was without consideration. But we think such is not the law. The effect and operation of the discharge in bankruptcy is to excuse the bankrupt from the payment of his debt;—it in no way annuls or affects the original debt, but suspends the right of action for its recovery. Such is the nature and effect of the statute of *limitations.* That is a perfect bar, while it remains; but it may be removed without any new consideration. The right of action being merely suspended by *favor* of the law, there is still a *moral obligation* and *duty* remaining upon the bankrupt to pay the debt; and that is a sufficient consideration for the new promise.

The next inquiry is, whether this promise should be in writing. It is urged, on the ground of *policy,* that it should be; but I am not aware, that, as a matter of policy merely, a new promise was ever *required to be in writing. As a matter of proof,* merely, parol evidence is competent, unless otherwise required by statute.

Another point in the case is, that the declaration should have been upon the new promise, and not upon the original debt. We think the balance of authority is the other way; but that question does not arise. The parties joined issue upon the fact of the new promise, and that has been found by the jury. But it is urged, that this was an immaterial issue, or a departure, and that therefore the judgment should be arrested. To this there are two answers. The first is, that this is not a departure; for the replication is in relation to the subject matter of the declaration, and therefore, if the new matter brought forward was either *immaterial,* or insufficient to answer the *purpose,* for which it was put upon the record, the defendant should have demurred, and not traversed. Therefore no question arises upon the declaration.

But if it were a departure, still, if, upon the whole record, the court can see that a correct result followed, and that the judgment is right, the judgment will not be arrested. The court have passed upon the questions, and the jury have found the same facts, that would have entitled the plaintiffs to recover, if the declaration had been upon the new promise.

Judgment affirmed.