E. R. RANKIN, ASSIGNEE OF THE ESSEX MILLS COMPANY, BANK-
RUPT, AND GEORGE H. WILBUR *v.* THE ANDES INSURANCE
COMPANY.

*Insurance.*

A policy of insurance provided that if the interest or property insured be leasehold,
or that of mortgage, or any other interest not in fee simple in case of real estate, or
absolute as to personal property, such must be made known to the company, and
expressed in the policy. *Held*, that said provision was only obligatory upon the
insured when the *united* interest of the insured in the property, was less than
absolute.

ASSUMPSIT upon a policy of insurance on a woolen factory,
machinery, and contents. Plea, the general issue, and trial by
the court, June term, 1874, Caledonia county, Ross, J., presiding.

At the time of the making of said policy, said factory and
machinery were owned by the said Essex Mills Company, a cor-
poration, but were being used and operated by the plaintiff Wil-
bur, who was then carrying on the business of manufacturing
woolen goods in said factory, under a written agreement with
said corporation, wherein he was called an agent, and whereby it
was stipulated that he should have all the profits of the business
for two years from December 8, 1870, with authority to contract
debts, employ clerks, salesmen, laborers, make sales, and collect
and use the proceeds, in the name of said corporation; in consid-
eration whereof the said Wilbur agreed to pay said corporation
$1900 as specified in said agreement. The property was destroyed
by fire on October 31, 1872. The court found that under said
agreement, at the time of the proof of loss, the said Wilbur had
no interest in any of the property insured. The question was as
to the construction of a certain clause in the policy, which is fully
stated in the opinion. Judgment for the plaintiff, and exceptions
by the defendant.

*Wales & Taft*, for the defendant.

The policy upon which a recovery is sought in this action, and
which is referred to, provides that " it is made and accepted in

reference to the conditions hereto annexed," &c., and the following is one of the conditions: "If the interest or property insured be *leasehold*, or that of *mortgage*, or any other interest not in fee simple in case of real estate, or absolute as to personal property, such must be made known to this company, and expressed in the policy." An insurer may prescribe any conditions to his undertaking that he pleases. Flanders Fire Ins. 216. This was a condition fairly and rightfully agreed upon, and of a character not to be misunderstood, and interposed to protect the defendants against fraud; and as companies which enter into extensive contracts of this kind, are liable to great impositions, they are justified in taking every precaution which common prudence may suggest.

It is not a sufficient answer to this objection to say that the whole interest in the property is represented by the insured, as the object of the provision is, to inform the company of the real interest of the parties they are contracting with; and it has a right to know whether they and each one of them are owners, mortgagees, lessees, or mere strangers.

*Poland*, and *Belden & Ide*, for the plaintiffs.

Wilbur had an insurable interest in the property insured, both at the time the insurance was effected, and also at the time of the loss. The contract between him and the company was, in effect, a lease of the mill and all the tools and machinery for two years, which had not expired at the time of the fire. He paid a fixed and certain rent for the use of the property, and was entitled to all the profits; and as between him and the company he was to pay all the debts contracted. The device of calling him an agent, and allowing him to use the name of the company in the business, was for the purpose of giving him credit. The entire interest in all the property insured, was in the company and Wilbur; and it was not necessary to specify how the interest was divided between them.

The opinion of the court was delivered by

ROYCE, J. The policy upon which this suit was brought, was issued to the Essex Mills Co. and George H. Wilbur; and the only

question which has been made in this court is as to the construction to be put upon the condition required to be inserted in the policy, that " if the interest or property insured be leasehold, or that of mortgage, or any other interest not in fee simple in case of real estate, or absolute as to personal property, such must be made known to this company, and expressed in the policy." It is admitted that the Essex Mills Company and Wilbur were the absolute owners of the property insured at the time the insurance was effected. But the plaintiff claims that the condition above recited required that the interest of each in the property should have been specifically defined, and that a neglect to so define it, vitiated the policy. We think this condition is only obligatory upon the insured in cases where the united interest of the insured in the property was less than absolute. The object of this requirement seems to have been for the protection of the company in cases where the interest of the insured in the property insured, was less or different than represented. We have seen that no such complaint can be made here, and the judgment of the county court is affirmed.