GEO. S. ROBINSON AND ANOTHER, ADM'RS OF LU-
CIUS ROBINSON'S EST. v. GEO. W. LAR-
ABEE & H. A. LARABEE.

*Practice.    Guaranty.    Consideration.    Bankruptcy Pro-
ceedings.    Practice.*

1. The question was, whether the giving of a guaranty on a promissory note by the defendant while bankruptcy proceedings were pending against him, removed the bar of the Statute of Limitatations, and neither party wishing to go to the jury, the court ordered a verdict for the plaintiff; *Held*, that the verdict should be upheld if there was any evidence to sustain it; and that the evidence was quite as consistent with the idea that the guaranty was given for a lawful as for an unlawful purpose.

2. The moral obligation resting upon one whose debts have been discharged in bankruptcy is a sufficient consideration for a guaranty of their payment.

ASSUMPSIT to recover the amount of a promissory note. Judgment entered by default against defendant G. W. Larabee. H. A. Larabee pleaded the general issue, Statute of Limitations, and special matter under notice. Trial by jury, May Term, 1886, Ross, J., presiding.

As neither party claimed that there was any question for the jury, the court upon the testimony directed a verdict for the plaintiff.

Mr. Crane testified to bringing the petition for Larabee that he might be declared a bankrupt; to his being in due course adjudged a bankrupt, and the appointment of said Robinson as assignee; to the composition proceedings; to the facts attending the giving of the guaranty, etc.; but in view of the holding of the court as to the effect or tendency of Mr. Crane's testimony, it is unnecessary to report it.

*L. H. Thompson* and *Crane & Alfred*, for the defendants.

The payment under the bankruptcy proceedings did not interrupt the running of the statute. *Benton* v. *Holland*, 1 New Eng. Rep. 783 (*ante*, 533). There was no consideration for the guaranty. *Trumball* v. *Tilton*, 21 N. H. 138.

The arrangement under which the guaranty was given was in fraud of the Bankrupt Act, and therefore void. *Trumball* v. *Tilton, supra; Downs* v. *Lewis*, 2 Cush. 76; *Dexter* v. *Snow*, 12 Cush. 594; *Blaisdell* v. *Fowle*, 120 Mass. 447.

Robinson was an officer of the court. He could not use his official position to force the payment to him, by Larabee, of a larger per cent. than was paid to other creditors. *Lovejoy* v. *Lee*, 35 Vt. 436-37; *Lawrence* v. *Clark*, 36 N. Y. 128; *Bliss* v. *Matteson*, 45 N. Y. 22; Bump Bank. (9th ed.) 497; 13 Moak Eng. Rep. 52.

*C. A. Prouty*, for the plaintiff, cited 6 Cush. 239; 18 Vt. 448; 8 Mass. 127; *In re Alphonse Bechet*, 12 B. R. 201. It appears that the arrangement with Robinson was not effected until after the composition had been ordered by the court, and that the guaranty was then given to induce Robinson to take his percentage and give his receipt.

The discharge had been already granted upon condition that the bankrupt pay a specified sum.

Neither was it void at common law.

The opinion of the court was delivered by

ROWELL, J. ˙The only question raised at the trial below was as to the Statute of Limitations, the plaintiffs conceding that the note was barred as to the defendant H. A. Larabee—who alone defends—unless saved by a payment thereon by him, made under a composition in bankruptcy with his creditors, or by his guaranty thereof, given in the circumstances disclosed by Mr. Crane's testimony.

The action is not brought upon the guaranty, as claimed

by defendant, but upon the note itself; and as only the guaranty is now relied upon to remove the statutory bar, the only question is whether it is sufficient for that purpose.   It is in these words:   " I guarantee the within note, principal, and interest, at six per cent. annually, from this date."

Of itself, disconnected with the circumstances in which it was given, it is obviously sufficient.   It evinces a distinct and an unqualified acknowledgment of the note as subsisting and still due and a willingness to remain liable upon it. It is supported by a sufficient consideration, namely, the moral obligation still resting upon him to pay it notwithstanding his composition.   *Farmers & Mechanics' Bank* v. *Flint*, 17 Vt. 508.

But the defendant claims that it was given in contravention of the Bankrupt Act, and induced by the fraud and threats of Robinson, and therefore void.

As to both of these points, it is sufficient to say, that as neither party wished to go to the jury on any question, it was for the court to direct a verdict on such a state of facts as it regarded proved by the evidence—*Davis* v. *St. Albans*, 42 Vt. 585—and now the verdict will be upheld if there was any evidence to sustain it, as it is clear there was; for Mr. Crane's testimony is quite as consistent with the idea that the guaranty was given solely for the legitimate purpose of obtaining Robinson's receipt for his percentage, as a means of proof of payment before the Bankruptcy Court, as that it was given in consideration of an agreement in contravention of the Bankrupt Act or by reason of any threat of Robinson's.

Judgment affirmed.