FRED E. MASCOTT and EMMA MASCOTT *vs.* FIRST NATIONAL FIRE INSURANCE CO.

October Term, 1896.

Present: ROSS, C. J., ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

*Insurance Policy—Written and Printed Portions—Title of Insured—When Neither Party Requests Submission to Jury—Fact Material to Risk.*

A policy of fire insurance upon a building provided that the policy should be void if the land whereon the building stood was not owned in fee simple by the parties insured. *Held*, enough that the combined interests of the insured amounted to such a title.

A policy of fire insurance provided in its written portion that the building insured should be occupied as a paint-shop; but provided in its printed portion that the use of benzine upon the premises should render the policy void. The building was consumed by a fire caused by the use of benzine therein, yet an action was maintained upon the policy, it being proved that benzine was necessarily used in the occupation of the building as a paint-shop.

As neither party desired to go to the jury it was for the court to direct a verdict on such a state of facts as it considered proved; and the verdict will be upheld if there was any evidence to sustain it.

The insurance being for nine hundred and sixty dollars and the property worth two thousand five hundred dollars, it could not be said as matter of law that the existence of a mortgage for two hundred dollars was a fact material to the risk.

It was for the jury to say whether under the circumstances the failure to disclose the existence of the mortgage was a concealment of a material matter, under a clause which provided that if the insured had concealed

any material fact concerning the insurance the entire policy should be void.

ASSUMPSIT upon a fire insurance policy. Plea, the general issue. Trial by jury at the March Term, 1896, Rutland County, *Taft*, J., presiding. At the close of the testimony the defendant moved for a verdict, and, the motion being denied, did not desire to go to the jury on any issue of fact. The court then directed a verdict and rendered judgment thereon for the plaintiff. The defendant excepted.

*Henry L. Clark, J. C. Baker* and *F. W. McGettrick* for the defendant.

The fact that Fred E. Mascott had no interest in the real estate except as husband, makes the policy a mere wager as to him.

The failure to disclose the existence of the mortgage was a material concealment and rendered the policy void.

The use of benzine upon the premises invalidated the policy. *Allen* v. *Ins. Co.*, 123 N. Y. 6; *Moore* v. *Ins Co.*, 62 N. H. 240; *Wheeler* v. *Ins. Co.*, 62 N. H. 329. The fire was caused by the use of the prohibited article and the restriction should be given full effect. *Moore* v. *Ins. Co.*, 72 Iowa 416; note, 13 Am. St. Rep. 585; *Weisenberger* v. *Ins. Co.*, 56 Pa. 444.

This insurance was upon the building only and did not in terms insure benzine. Hence *Mascott* v. *Ins. Co.*, 68 Vt. 253, is not controlling.

*Wm. H. Preston, F. S. Platt* and *Butler & Maloney* for the plaintiff.

START, J. The action is assumpsit upon a fire insurance contract, by which the plaintiffs were insured in the sum of nine hundred and sixty dollars on their two-story frame building, occupied for a storehouse and paint-shop. The policy contained the following provision: "This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circum-

stance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein." The policy further provided, that, unless otherwise provided by an agreement indorsed thereon or added thereto, the policy should be void if the interest of the insured was other than unconditional and sole ownership; or if the subject of the insurance was a building on ground not owned by the insured in fee simple, or if (any usage or custom of trade or manufacture to the contrary notwithstanding) there was kept, used or allowed on the premises, benzine.

As the defendant did not desire to go to the jury upon any issue of fact, the following circumstances must be considered in passing upon the questions presented by the defendant's motion for a verdict: That the building was insured as a storehouse and paint-shop; that it was consumed by fire; that the fire was caused by the use of benzine, mixed with asphaltum, in the paint-shop; that benzine was an article necessarily used in a paint-shop and indispensable in the business; that the damage equalled or exceeded the insurance; that due notice and proofs of loss were furnished; that plaintiff Emma owned in fee simple the land on which the building was erected; that the building was erected with money belonging in part to both plaintiffs; that the building and lot were worth twenty-five hundred dollars; that there was a mortgage for two hundred dollars on same at the time the contract of insurance was made and ever since has been; and that the incumbrance was not represented to the defendant at the time the contract of insurance was made. It did not appear that any written application for insurance was made by the plaintiffs, nor that the agent of the defendant made any inquiries respecting incumbrances.

(1) The defendant insists that the contract of insurance is void because the plaintiffs were not owners in fee simple of the land on which the building was erected, and this fact was not indorsed on the policy or added thereto.   Emma

Mascott held the legal title to the land, and the combined interest of the plaintiffs in the land was that of owners in fee simple; and it was not necessary that their respective interests should be set forth in the contract of insurance. The combined ownership in them is not inconsistent with the condition of the policy. The policy was not to be void by reason of the condition in regard to ownership, unless the building was on "*ground not owned by the insured in fee simple.*" It cannot be said that the building was on land not owned by the insured. If the conveyance of the land, the relation of the insured to each other, their marital rights, the manner of occupancy, the sum each contributed to the erection of the building, had been set forth in the policy, it would have appeared that their combined interest was that of owners in fee simple, and that they were the only owners of the land. Being such owners, the contract of insurance is not void because their respective interests are not set forth in, or endorsed upon, the policy. To hold such a contract void because of the condition in respect to the ownership of the land, there must be an ownership in some person other than the insured.

In *Rankin* v. *Andes Ins. Co.*, 47 Vt. 144, the action was upon a policy of insurance on a woolen factory, which was issued to the Essex Mills Co. and George H. Wilbur. The factory was owned by the Essex Mills Co. but was operated by Wilbur under a contract with the company. The court found, that, at the time of the proof of loss, Wilbur had no interest in the property insured. The policy provided, that, if the interest or property insured be lease-hold, or that of mortgage, or any other interest not in fee simple, in case of real estate, or absolute as to personal property, such must be made known to the company and expressed in the policy. The court held that this condition was obligatory upon the insured only in cases where the united interest of the insured was less than absolute.

In *Webster* v. *Dwelling House Ins. Co.* 53 Ohio St. 558: 30 L. R. A. 719, the representation made by the insured was that the property was owned jointly by them, when, in fact, the house was owned wholly by the wife. The policy was issued to the husband and wife, and it was held that they could jointly recover on the policy.

In *Wainer* v. *Milford Mutual Fire Ins. Co.* 153 Mass. 335, it is held, that, if a person has such an interest in property that he will suffer pecuniary loss by its destruction, he has an insurable interest; and if he has an insurable interest, it is sufficient to describe the property as belonging to him, unless some inquiry is made of him, the answer to which amounts to a false warranty or a misrepresentation.

In *Dohn* v. *The Farmers' Joint Stock Ins. Co.* 5 Lansing's Rep. (N. Y.) 275, a condition in the policy required, that, if the applicant had a less estate than a fee in the property to be insured, he should state the nature of such estate; and it was held, that, inasmuch as no question as to the nature of the title of the applicant was included in the written form of application furnished by the company, it was liable upon such policy, although the title held by the insured was, in fact, an equitable one, only, under a contract of sale.

In *Imperial Fire Ins. Co.* v. *Dunham*, 117 Penn. St. 460: 12 Atlantic Rep. 668, the insurance was upon certain buildings on land which the insured had purchased, but on which he had made no payment. The policy contained a condition that insurance on buildings on land not owned by the insured in fee simple should be void, and it was held that the insured had an insurable interest.

In *Niblo* v. *The North American Fire Ins. Co.* 1 Sandford (N. Y.) 551, it is held, that the description of the buildings in a fire insurance policy as "his buildings" is not equivalent to a warranty on the part of the assured that he is the owner of the same; that it does not constitute a misrepresentation of the fact, when the only interest in the buildings is as tenant for a year; and that, where no inquiry is made

or statement given, on the happening of a fire, he will recover according to his real interest.

(2) The defendant also insists that the contract of insurance is void because benzine was used in the building, contrary to a printed condition in the policy. The contract of insurance provided for the occupancy of the building for a paint-shop. Benzine, mixed with asphaltum, was used in the paint-shop; and it must be held, from the statements in the exceptions, that it was necessarily used and indispensable in the business authorized by the contract of insurance to be carried on in the building. It is fair to presume, that, when the defendant made the contract for insurance upon the building and authorized its use for a paint-shop, by a clause written in the policy, it was acquainted with the business usually carried on, the work usually done, the materials necessarily used in prosecuting the business, in a paint-shop; that it knew that the business authorized to be carried on could not be conducted in the usual and ordinary way without the use of benzine; that it included in the risk such materials as were necessarily used in the business and intended to permit their use; and that the written portion of the policy in this regard was intended to control the printed portion, prohibiting the use of benzine. It is a well established rule, that, when the written and printed portions of a policy are inconsistent, the written portion prevails, as it expresses the special agreement and declared intention of the parties at the time of the contract. *Carrigan* v. *Lycoming Fire Ins. Co.* 53 Vt. 418. It is clear that the parties intended that the paint-shop, as it was and as it must necessarily continue if used for the purposes authorized by the written portion of the policy, should be carried on with all the usual and necessary incidents thereto; and that as such it was protected by the contract of insurance. We think the rule is well settled, that, when a policy of insurance, by the written portions, covers property to be used in conducting a particular business, the necessary using of an

article in such business will not avoid the policy, although the keeping and use of such article is prohibited by the printed portions of the policy.

In *Faust* v. *American Fire Ins. Co.* 91 Wis. 158: 30 L. R. A. 783, the written portion of the policy insured the building as a "furniture store and repair shop," and the printed portion declared that it should be void if benzine was kept on the premises. It was held that the policy was not forfeited by keeping benzine for necessary use in the repair shop.

In *Carlin* v. *Western Assurance Co.* 57 Md. 515: 40 Am. Rep. 440, the policy covered a factory and machinery and prohibited the keeping or use of petroleum. The court held, in effect, that, if the engine room and machinery were included in the description of the insured premises, the keeping of petroleum, although among the prohibited articles, would not avoid the policy, if the evidence showed that it was an appropriate and customary article used in the insured's business for lubricating machinery, and he kept it solely for that purpose; that the insurance company knew, when it issued the policy, that the factory could not run without machinery, and it must be supposed to have contracted with reference to such use as an ordinary incident of the business; that, if petroleum oil was usual and necessary, such use must have been contemplated, though prohibited in the printed portion of the policy.

In *Hall* v. *Ins. Co. of North America,* 58 N. Y. 292, it is held, that, where a policy is issued upon the material used in a business, it includes and authorizes the use of all such materials as are in ordinary use in the business, although, by the printed clause of the policy, the keeping or use thereof upon the premises is prohibited, and although other materials might be substituted.

In *Fraim* v. *National Fire Ins. Co.* decided by the Supreme Court of Pennsylvania in 1895 and reported in the Atlantic Reporter, vol. 32, p. 613, the policy was issued to a silver-

plating company on its tools and machinery and prohibited the keeping or use of gasoline on the premises. The court, in holding that the use of gasoline in the company's business was not prohibited, said: "The general rule deducible from the text-books and adjudged cases as to such prohibitions, is that it is the intent of the parties to insure the subject of insurance as it necessarily is and must continue to be during the life of the policy."

In *Viele* v. *Germania Ins. Co.*, 26 Iowa 9: 96 Am. Dec. 83, the policy expressly prohibited the keeping of benzine upon the premises. It was necessary in the preparation of paints and varnish used in the manufacture of rustic window shades; and it was held that consent to the manufacture of window shades in the building implied a consent to use benzine, if it was necessary or commonly used in making those articles, and that the permission operated to dispense with the prohibition.

In *Citizens' Ins. Co.* v. *McLaughlin*, 53 Pa. 485 : 6 Am. Law Reg. N. S. 374, the keeping of benzine upon the premises was prohibited. It was a necessary article in the manufacture of patent leather. The fire consuming the building was caused by benzine, and the court held that the permission to use the building for a patent-leather manufactory carried with it the permission to use all articles necessary to the business and dispensed with the prohibition in the policy.

The same rule is announced in *Harper* v. *Albany Ins. Co.*, 17 N. Y. 194; *Harper* v. *New York Ins. Co.*, 22 Id. 441; *Pindar* v. *Kings County Ins. Co.*, 36 Id. 648; *Collins* v. *Farmville Insurance and Banking Co.*, 79 N. C. 279: 28 Am. Rep. 322; *Whitmarsh* v. *Conway Ins. Co.*, 16 Gray 359; *Marsl* v. *Connecticut Fire Ins. Co.*, 95 Ga. 604: 30 L. R. A. 835; *Wheeler* v. *Traders' Ins. Co.*, 62 N. H. 450: 13 Am. St. Rep. 582.

(3) The clause in the policy against concealment and misrepresentation provides that the entire policy shall be

void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning the insurance, or the subject thereof; or if the interest of the insured in the property be not truly stated therein. There was a mortgage of two hundred dollars on the property, and this fact was not represented to the defendant at the time the policy was issued; and it is insisted by the defendant that this was a concealment of a material fact. The evidence tended to show that the property was worth twenty-five hundred dollars. It did not appear on trial in the court below that any written application for the policy was made by the insured, nor that the agent of the company made any inquiry as to incumbrance.

The terms of the condition relied upon by the defendant are not those which would naturally direct the attention of the insured to the necessity of disclosing incumbrances upon the property, or suggest that they were material to the risk. A concealment of a fact not material would not avoid the policy. The question of whether the policy shall be void by reason of concealment or misrepresentation is, by the terms of the policy, made to depend upon their materiality. The fact that there is a mortgage for two hundred dollars would not seem to be material in effecting an insurance for nine hundred and sixty dollars. The defendant did not desire to go to the jury upon the question of whether such concealment was material, and we cannot, in view of the holding of the court below, assume that it was. As neither party desired to go to the jury on any issue of fact, it was for the court to direct a verdict on such a state of facts as it regarded proved by the evidence; and the verdict will be upheld if there is any evidence to sustain it. *Robinson* v. *Larabee*, 58 Vt. 652.

The evidence tended to show, that, if there was concealment or misrepresentation, it was not material. The insured were the owners of the property, notwithstanding

there was a small mortgage thereon; and, under the findings of the court below, it must be held that there was no material misrepresentation or concealment respecting such ownership by reason of the undisclosed mortgage. If the company had intended that the policy should be void if the insured omitted to mention incumbrances, it could have made that intention clear by inserting the word "incumbered," instead of leaving it for the insured to conjecture respecting the materiality of facts and circumstances. The insured might well regard the existence of a small mortgage upon their property an immaterial fact, inasmuch as their attention was not directed to the subject of incumbrance by the defendant's agent or by the policy. A misrepresentation in insurance is a statement of something as a fact which is untrue, and which the insured states knowing it to be untrue, or which he states positively as true without knowing it to be true, with intent to deceive, and which has a tendency to mislead, such fact in either case being material; and the materiality of a representation or concealment is a question for the jury. *Daniels* v. *Hudson River Fire Ins. Co.*, 12 Cush. 416: 59 Am. Dec. 192; *Clark* v. *Union Mutual Fire Ins. Co.*, 40 N. H. 333: 77 Am. Dec. 721. Concealment, according to the law of insurance, is a designed and intentional withholding of any fact material to the risk, which the assured ought in honesty and good faith to communicate; and any fact is material, the knowledge or ignorance of which would materially influence the insurer in making the contract at all, or in estimating the degree and character of the risk, or in fixing the rate of insurance. *Clark* v. *Union Mutual Fire Ins. Co., supra.*

In *Dolliver* v. *St. Joseph Fire and Marine Ins. Co.*, 128 Mass. 315, the policy contained the following provision: "If the interest of the assured be any other than the entire, unconditional and sole ownership of the property, for the use and benefit of the assured, it must be represented to the company, and so expressed in the written part of the policy;

otherwise the policy shall be void." The assured, at the time the policy was issued, was the owner of the property in fee, but had mortgaged it and leased it for a term of years; and it was held that the policy was not thereby avoided.

In *Fletcher* v. *The Commonwealth Ins. Co.*, 18 Pick. 419, the plaintiff obtained insurance on his store without disclosing the fact that it stood on the land of another person, under a verbal agreement terminable at the pleasure of such person upon six months notice. No inquiry was made by the insurer in regard to his title. It was held that there was not a concealment of a material fact; that the policy was not thereby avoided; and that the materiality of the fact concealed was for the jury.

In *Commonwealth, by Insurance Commissioners,* v. *Hide & Leather Ins. Co.*, 112 Mass. 136, it is held that a provision in a policy of fire insurance that "the assured covenants and engages that the representation given in the application for this insurance contains a just, full and true exposition of all the facts and circumstances in regard to the condition, situation, value and risk of the property insured," is waived by an insurer who issues the policy upon a bare request to insure the property, unaccompanied by any statement as to its condition, situation, value or risk.

In *Washington Fire Ins. Co.* v. *Kelly*, 32 Md. 421: 3 Am. Rep. 149, the policy was issued upon the condition, that, if the interest of the insured in the property was a leasehold interest, or other interest not absolute, the company should be so informed at the time of contracting the insurance, or the policy would be void. The insured at the time the insurance was negotiated, was the owner of an equity of redemption only, and no mention of that fact was made. It was held that the interest of the insured as mortgagor was absolute, within the meaning of the policy, and no explanation of that interest was required before the issuing of the policy.

In *Quarrier* v. *Peabody Ins. Co.*, 10 W. Va. 507: 27 Am. Rep. 582, the policy provides, that, if the interest of the insured be not truly stated, or is other than the entire, unconditional and sole ownership, it must be so expressed in the policy, under penalty of forfeiture. It was held that the policy was not rendered void by the failure of the insured to disclose, that, at the time the policy was issued, there was a deed of trust of the property insured, no inquiry having been made about the state of the title. The holding is, in effect, the same in *Manhattan Fire Ins. Co.* v. *Will*, 28 Gratt. 389.

*Judgment affirmed.*