Minshall, J.
The plaintiff below, The First National Bank of Victoria, Texas, brought suit against the defendants, Hayes & Sons, to recover $1,000 it claimed to have deposited for them at their request, with the commissioners of Victoria county, Texas, to protect a bid that had been made by them for eer *101 tain bonds advertised for sale by the commissioners of that county; and $25 for services.
The defendants answered, admitting the request, but averring that there was a mistake in their bid; it was for five per cent, bonds, when in fact they intended to bid for six per cent bonds, the only bonds the county had to sell or had offered to sell, the mistake having been made by the stenographer; and that the fact that such mistake had been made was known to the plaintiff at the time it made its deposit.
The case was tried to a jury, and at the close of the evidence on both sides, the plaintiff moved the court to instruct the jury to return, a verdict in its favor, and the defendants made a like motion for a verdict in their favor. On consideration the court instructed the jury to return a verdict for the defendants, to which the plaintiff excepted, but did not request the court to submit the case to the jury for its determination on the evidence. The first question that arises is whether this was error, though there may have been some evidence tending to support the plaintiff’s ease. ' If no motion had been made by the plaintiff and there was any evidence tending to support its case, it would have had the undoubted right to have had the same submitted to the jury, and it would have been error in the court to direct a verdict for the defendants. Of this there can be no question. Here, however, both parties on the termination of the evidence in the case, made similar requests — the plaintiff for a verdict in its favor and the defendants for a verdict in their favor, both parties in this way voluntarily submitting the case to the court for its determination upon the evidence. In Beuttell v. Magone, 157 U. S., 154, where like request had been made, the Justice delivering the opinion says: “This was necessarily a *102 request that the court find the facts, and the parties are therefore concluded by the findings made by the court, upon which the resulting verdict was given.” In Thompson v. Simpson, 128 N. Y., 270, where upon the conclusion of the evidence each party had asked the court to direct a verdict in his favor, and the court thereupon directed a verdict for the defendant, the court said: “The effect of a request by each party for a verdict in his favor clothed the court with the function of a jury, and it is well settled that in such case, where the party whose request is denied, does not thereupon request to go to the jury upon the facts, a verdict directed for either party stands as would the finding of a jury for the same party in the absence of any direction, and the review in this court is governed by the same rules as in ordinary cases rendered without direction.”
The question seems new in this state, and is so possibly from the fact, that it will seldom happen, that at the close of the evidence each party will move the court for the direction of a verdict in his favor. But it seems conformable to reason that where it is done, each party must have intended to submit the case to the court for its finding upon the facts as well as the law; and when, as in this case, the party against whom the verdict is rendered does not ask to have the case submitted to the jury, he cannot be heard to' say there was error, because there was some evidence tending to support the issue in his favor. In such case the finding of the jury, in accordance with the instruction of the court, should be given the same consideration as if it had been rendered without such instruction. See, also, the following cases: Trustees v. Vail, 151 N. Y., 463, 467; Clason v. Baldwin, 152 N. Y., 204; Mascott v. Insurance Co., 69 Vt., *103 116; Mortgage Co. v. Elevator Co., 71 N. W., 130, 6 N. Dak., 407.
The question then presented by the record is, not whether there was any evidence to support the plaintiff’s claim, but whether upon the evidence adduced, the finding should have been for the defendant. And the question must be determined as if the case had been submitted to the jury upon the issues joined, without a direction to return a verdict for the "defendant ; for it is in fact the finding of the court upon the evidence submitted to it by the act of the parties, that is to be reviewed, and not whether there was some evidence tending to support the plaintiff’s claim; for, as already observed, the omission of the plaintiff, after the court had directed a verdict for the defendant, to ask it to submit the case to the jury, must be taken as a waiver of its right to have the jury pass upon the evidence. And it is more than probable that this was not a mere oversight, and that it was omitted for the reason, it is probable the jury would have rendered the same verdict the court had already directed on the motion of the plaintiff.
Was then the verdict rendered upon the instruction of the court so clearly against the weight of the evidence that it should be set aside and a new trial granted? We think not.
The real question at issue between the parties on" the trial, was whether the plaintiff had deposited the $1,000 with the county commissioners, with the knowledge of such facts as would have put a reasonably prudent person upon notice that there was a mistake in the bid of the defendants, and the deposit would be of no avail to them. It appears from the record that the county commissioners of Victoria eounty, Texas, had on May 17, 1895, authorized the *104 issue of $71,000, six per cent, refunding bonds of the county; and had also advertised for bids on them to be received and opened at the office of the commissioners at 2:30 P. M., October 30, 1895. And that on the 29th of that month Hayes & Sons had submitted a bid by telegram, which reads as follows: “Will give hundred three premium and interest for seventy-one thousand five per cent, bonds.” Signed “W. J. Hayes & Sons.” By a mistake, either of the stenographer, or in the sending of the telegram, it was made to read five, instead of six per cent, bonds. At 3:37 on the afternoon of October 31 the plaintiff received a telegram from Hayes & Sons inquiring, “Who gets county bonds sold yesterday, if unsold protect our bid. Answer.” After having gone to the office of the county judge, president of the board, and learned the facts, the plaintiff in reply sent Hayes & Sons the following telegram dated October 31, 1895: “Your bid three per cent, premium on Victoria county five per cent, bonds accepted. We deposit one thousand dollars forfeit for you.” Signed by the cashier. Notice was also sent by the county judge to Hayes & Sons of the acceptance of their bid at 3:26 P. M. of the same day, requesting the deposit to be made, and statement of the time they would be ready “to consummate the deal.” The deposit was made by the plaintiff on the following day, November 1; and some three hours after the plaintiff received a telegram from Hayes & Sons, dated the same day, saying “Telegram received. Hold deposit arrival our representative Monday.” Evidently the plaintiff’s telegram of the previous day to Hayes & Sons was the first notice they had of the mistake that had occurred in making the bid. The record, however, shows that the plaintiff before it had received any telegram from *105 Hayes & Sons, knew the character of the bid — that it was for -five instead of six per cent, bonds, and that the bonds for which bids had been requested were six per cent, bonds. This information the president of the bank had obtained at the commissioners’ office on the 31 inst.; having been called there by them for the purpose of consultation as to the bids. After having returned to the bank, the telegram from Hayes & Sons inquiring as to the sale of the bonds, and if unsold to protect their bid, was received. Now under these circumstances, what should a reasonably prudent person, acting for another, have done? That there was a mistake was apparent. Either Hayes & Sons had made a mistake in the wording of their telegram or were under the impression that five per cent, bonds had been offered. But the bank knew that-such bonds had not been offered and that a bid of five per cent, bonds could not be accepted. Under the circumstances Hayes & Sons were not bound by their bid to the commissioners. The minds of the parties had not met upon the same terms, so that there was no agreement between them. The commissioners could not accept, as they attempted to do, the bid of Hayes & Sons for five per cent, bonds, for they had no such bonds to sell; and could not by the statutes of the state (which are put in evidence), advertise or sell five per cent, bonds, until they had been properly registered, and approved by the attorney general, none of which things had been done at that time. It would therefore seem that when the plaintiff received the first telegram from the defendants it should have called their attention to the mistake, and awaited further instructions. Had it done so instead of at once making the-deposit, all trouble would have been avoided. Instead, however, of so doing, it made the *106 deposit when it knew, or ought to have known, that it would be of no avail to Hayes & Sons, and would be retained by the county officials as a forfeit.
It is also claimed by the attorneys of Hayes & Sons that the evidence tends to show that there was collusion between the bank and the county officials, and also, that the deposit was not made until after the receipt of the second telegram from Hayes & Sons. Whether there be sufficient grounds for these claims we need not inquire, as we think the record shows that the deposit was made under circumstances that should have caused a prudent agent to have awaited further advices from his principal before making it.

Judgment affirmed.

Shauck, C. J., Williams, Burket, Spear and Davis, JJ., concur.