CLARA B. LOWE *v.* VERMONT SAVINGS BANK.

May Term, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS and TAYLOR, JJ.

Opinion filed October 30, 1916.

*Motion for Verdict by Both Parties—Trustees—Cestuis Que Trustent—Unauthorized Transfer of Trust Fund—Re-Transfer of Same.*

Where, at the close of the evidence, both parties move for a verdict, it is for the court to direct a verdict on such a state of facts as it regards proved by the evidence; and the verdict will be upheld if there is any evidence to sustain it.

The transfer by a trustee, without authority, of part of a trust fund, deposited in a bank, from the trust account to the individual account of the *cestui que trust,* does not operate to change the ownership of the fund transferred, or to create any indebtedness from the bank to the *cestui que trust.*

A re-transfer of the same trust fund, by the trustee as attorney in fact for the *cestui que trust,* from the latter's individual account to the trust account, is not an interference with the individual rights of the *cestui que trust,* and does not form the basis of recovery in an action brought by the *cestui que trust* against the bank.

ASSUMPSIT to recover money deposited in the defendant bank, in the name of the plaintiff. Plea, the general issue and

payment. Trial by jury at the September Term, 1915, Washington County, *Slack*, J., presiding. At the close of the evidence, both parties moved for a verdict. Verdict directed for the plaintiff to recover $1,856.51. The plaintiff excepted, claiming that the verdict should have been directed for a larger sum. The opinion states the case.

*Frank Plumley* and *H. C. Shurtleff* for the plaintiff.

*Clarke C. Fitts* and *E. W. Gibson* for the defendant.

WATSON, J. At the close of the evidence the defendant moved for a directed verdict in favor of the plaintiff, which should not include the certain item in dispute of one thousand dollars, or its dividends or interest, altogether amounting to the sum of $2,050.19. The plaintiff moved for a directed verdict in her favor which should include said amount in dispute. It was conceded by counsel for both parties that the evidence presented no question for the jury. The court directed a verdict for the plaintiff to recover the sum of $1,856.51 and costs of the present term, which verdict excluded the said item of one thousand dollars in dispute together with its interest and dividends. To the refusal of the court to order the jury to include in their verdict the said amount in dispute, the plaintiff excepted.

Since neither party wished to go to the jury on any issue of fact, it was for the court to direct a verdict on such a state of facts as it regarded proved by the evidence; and the verdict will be upheld if there was any evidence to sustain it. *Robinson* v. *Larabee*, 58 Vt. 652, 5 Atl. 512; *Mascott* v. *First National Fire Ins. Co.*, 69 Vt. 116, 37 Atl. 255.

It appeared that J. Warren Bailey died in 1880, leaving surviving him a widow Harriet Bailey, and two daughters, the plaintiff and Ella M. Bailey; that an administrator was appointed on his estate, but before the settlement of the estate was concluded the administrator resigned or died, and on May 11, 1891, Harriet Bailey was appointed administratrix *de bonis non;* that on November 4, 1909, after her decease, one Sparrow was appointed administrator *de bonis non* and now holds this position; that on April 2, 1895, Harry Lowe, the plaintiff's husband, deposited in the defendant bank in the name of ''Harry Lowe, Trustee for Harriet Bailey, Clara B. Lowe, and Ella M.

Bailey," the sum of five thousand and three hundred dollars; that this money belonged to the estate of J. Warren Bailey, and that business was entrusted by the plaintiff, her mother, and her sister to Harry Lowe to handle, expecting the money would be deposited to that estate. That account in the bank is called in this case the "trustee account." It further appeared that on July 9, 1895, Harry Lowe deposited to the credit of the trustee account, a draft on the Manufacturers' Bank for twenty-six hundred dollars, signed by C. B. Lowe; that on July 11, 1898, without the knowledge of the plaintiff, Harry Lowe transferred one thousand dollars from the trust account to her individual account at the same bank; that later two orders, dated February 7, 1899, and March 13, 1899, respectively, for the sum of five hundred dollars each, drawn on the plaintiff's said individual account, payable to Harry Lowe, and signed "Clara B. Lowe by Harry Lowe, attorney in fact," without the knowledge of the plaintiff, were deposited by Lowe to his credit in the trustee account, and the money was transferred on the books of the bank accordingly; that the money represented by these two orders constitutes the one thousand dollars in dispute. The plaintiff testified that she had no knowledge of the transfer of the one thousand dollars from the trustee account to her individual account, nor of the transfer of the same sum from her individual account to the trustee account, until about four years after the latter transaction.

From the foregoing facts and other evidence in the case, the court was warranted in finding that Harry Lowe had no authority in fact to transfer the one thousand dollars from the trust account to the plaintiff's individual account, and that the transfer did not change the ownership of the fund so transferred. The verdict ordered imports that the court regarded these facts proved by the evidence. This being so, it can not be said as a matter of law that such mere transfer of trust fund on the books of the bank, from the trust account to the plaintiff's individual account, operated to change the ownership of the fund transferred, or to create any indebtedness from the bank to her. "An abuse of trust," says Lord Ellenborough, "can confer no rights on the party abusing it, nor on those who claim in privity with him." *Taylor* v. *Plumer,* 3 Moore & S. 574; *Pennell* v. *Deffell,* 4 De Gex, M. & G. 372, 388; *Veile* v. *Blodgett,* 49 Vt. 270; 2 Perry Trusts, §835. It follows that the re-transfer of the same

trust fund in effect to the account where it belonged, was not an interference with the plaintiff's individual rights, (as distinguished from her rights as one of the *cestuis que trustent*,) which form any basis for recovery in this action.

<em>Judgment affirmed.</em>