Downer *v.* Woodbury.

### Solomon Downer *v.* John Woodbury.

If, to a plea of justification under a rate bill and warrant, the plaintiff reply *de injuria &c.*, and no objection is taken to the replication, the defendant must prove every material allegation in his plea.

Where a collector of taxes justifies the taking of property under his rate bill and warrant, and alleges, in his plea, that he gave the bond, required by statute, for the faithful performance of his duty, but does not attempt to set forth the bond, or make profert of it, the fact that he acted as collector is sufficient proof of his having given a bond, to sustain his allegation.

If the collector justify under a warrant for the collection of a state tax, and allege the act of the legislature granting the tax, this allegation need not be specifically proved; for the court will take notice of the general law of the state.

An averment, in a collector's plea in justification, that the taxes in his rate bill " were assessed upon the lists of the persons named for the year 1840," and' that the plaintiff and two others "were jointly and legally assessed the sum of $2,07, being three cents on the dollar of the list of" said plaintiff and others " for the year 1840," is, upon a traverse, a sufficient allegation, that the plaintiff had a list in the town.

42

But the collector, to sustain his plea, must prove that the plaintiff had a list in the town.  The court will not infer this from the fact that the plaintiff's name is in the tax bill; and in this respect there is no difference between a state and town tax.

If the collector called upon the plaintiff for payment of the tax, and the plaintiff refused absolutely to pay it, it was not necessary that the collector should have given time for its payment, and appointed a time and place for receiving it; and evidence of such demand and refusal is sufficient, under a plea which alleges a regular notice of the tax, under the statute, and the appointment, by the collector, of a time and place for receiving payment, and a neglect to pay at that time; and in this case, the tax was against the plaintiff and others jointly, but the plaintiff, alone, was called upon and refused payment.

TRESPASS for taking a harness.  The defendant pleaded in justification, and averred, among other things, that he was duly elected collector of taxes for the town of Bethel in March, 1840,—that he gave the bond, required by statute, for the faithful performance of his duties,—that an act of the legislature was passed in October, 1840, granting a tax of three cents on the dollar on the grand list of those liable to be taxed,—that the town of Bethel, at a legal meeting holden on the sixth day of April, 1840, assessed a tax of five cents on the dollar on the grand list of those liable to be taxed in the town,—that rate bills were, by the selectmen of the town, delivered to the defendant, and were duly assessed upon the lists of the persons named for the year 1840,—that the plaintiff and one Smith and one Bosworth were jointly and legally assessed in said tax bills, in the sum of $2,07 for state tax and $3,45 for town tax, —that the defendant, upon receiving the tax bills, gave notice to said Downer, Smith and Bosworth of the taxes against them, and requested them to pay the same, and appointed a time and place for receiving the same,—and that, the taxes being unpaid, the defendant distrained and sold the harness in question to pay the same. The plaintiff replied de injuria &c.  Trial by the court, March T. 1845,—HEBARD, J., presiding.

On trial the defendant proved his appointment as collector of the town of Bethel, and gave in evidence his rate bill and warrant, and proved the taking and selling of the harness, as stated in his plea. On the rate bill were the names " Downer, Smith & Bosworth," with a statement of their list and of the taxes against them.  The

defendant also proved, that, before taking the harness, he called upon the plaintiff for the tax, and that the plaintiff absolutely refused to pay it. There was no evidence, that the plaintiff, either alone, or in connection with Smith and Bosworth, had a list in the town of Bethel, other than what appeared from the rate bill, nor that he had any property in Bethel; and it did appear, that he resided in the town of Sharon. There was no evidence, that the defendant gave a bond, as alleged in his plea; nor that he ever showed the tax to Smith, or Bosworth, or called upon either of them for payment, or that he ever called upon the plaintiff for payment, except as above stated, or that he ever notified either of them of a time and place for receiving payment. Other questions were raised and discussed by counsel; but as they were not passed upon by the supreme court, the facts, upon which they were predicated, need not be detailed here.

The county court rendered judgment for the defendant. Exceptions by plaintiff.

*A. P. Hunton* for plaintiff.

There was error in the judgment of the court below, because certain pertinent averments in the plea were unsupported by proof.

1. Whether the allegation, that the defendant gave a bond, was material, or not, it should have been proved. *Webb* v. *Horne et al.,* 1 B. & P. 281. 1 Chit. Pl. 261. *Bristow* v. *Wright et al.,* 2 Doug. 665. Gould's Pl. c. 3, § 183 *et seq. Fairhaven Turnp. Co.* v. *French,* 1 D. Ch. 209–212.

2. It is alleged, that the plaintiff was "legally assessed" and "liable and bound by law to pay" the taxes; and there is no proof to sustain the allegation. It does not appear, that the plaintiff had any list, or property, in Bethel. The tax bill professes to be made upon "the grand list of the inhabitants of the town of Bethel." The plaintiff was not an inhabitant of that town. The allegation is material. *Briggs* v. *Whipple,* 7 Vt. 15. The tax bill is not evidence, under this allegation; *Collamer* v. *Drury,* 16 Vt. 574.

3. No evidence was given, to support the allegation, that the defendant gave notice to Downer, Smith and Bosworth of a time and place for receiving payment of the tax.

*Tracy & Converse* for defendant.

1. It is not alleged in the plea, that the plaintiff had either a list in Bethel, or property there; and if the plea was defective in those particulars, the plaintiff should have demurred.

2. The rate bill furnishes sufficient *prima facie* proof, that the plaintiff was legally taxed. *Wilcox* v. *Sherwin*, 1 D. Ch. 81. The "previous proceedings," which it was said, in *Collamer* v. *Drury*, 16 Vt. 574, the collector must show to have been correct, do not extend to this matter. If the collector must show, in the first instance, that the tax bill is, in point of fact, correctly made, and that the individuals therein named are correctly assessed, he is involved in difficulties, from which he could very seldom extricate himself. The vote of a tax is considered *prima facie* evidence that it is legal and for a legitimate object; *Briggs* v. *Whipple*, 7 Vt. 15; and it would not be consistent, to presume that the tax was not properly apportioned among those liable to pay it, or that it was made up against improper persons.

3. The fact, that the defendant had a legal rate bill and warrant, and acted as collector, is *prima facie* evidence that he had given the requisite bond. *Wilcox* v. *Sherwin*, 1 D. Ch. 81. *Potter* v. *Luther*, 3 Johns. 431. *Berryman* v. *Wise*, 4 T. R. 366. *Bush et al.* v. *Collins*, 7 Johns. 549. *Adams* v. *Jackson*, 2 Aik. 145.

4. Downer's refusing to pay the tax, when requested, was a waiver of any right in him to require farther notice, or time for payment, of the defendant. The want of such notice to Smith and Bosworth cannot affect the case, as their property was not distrained, and they are not parties to this suit.

The opinion of the court was delivered by

REDFIELD, J. In this case the replication being *de injuria &c.*, and no objection having been taken on that account, the defendant must prove every material allegation in his plea.

1. It is said, that there was no proof that the defendant had given a bond,—which is expressly alleged in the plea. But that allegation does not attempt to set forth the bond, or make any profert of it. We should therefore be inclined to think, that it was sufficiently shown that the collector gave bond, by his having acted as col-

lector. The former fact will be inferred from the latter. It is, in fact, proof of it. It might be otherwise, if the bond had been described and vouched in proof.

2. The act granting the state tax is also expressly alleged; but it need not be specifically proved, because the court will take notice of a general law of the state. This point is, in principle, precisely analogous to the last.

3. It is claimed by the defendant, that the plea contains no averment, that the plaintiff had any list in the town of Bethel. But it is alleged, that both of the taxes in the rate bill "were assessed upon the lists of the persons named for the year 1840," and also, that the plaintiff and two others "were jointly and legally assessed the sum of $2,07, being three cents on the dollar of the list of said Downer and others for the year 1840." This averment was sufficient upon a traverse, and probably upon a general demurrer.

But it is said, this, also, is one of those facts, which the court will infer from the tax bill, especially in the case of state taxes. But we think not. The case of a state tax does not differ, in this respect, from that of a town tax. In the case of a state tax the court will take notice of the voting of the tax; and the issuing of the treasurer's warrant proves nothing, and raises no intendment, as to the persons liable to pay taxes. That is a matter to be determined by the selectmen, the same as in the case of town taxes; and, if it will be presumed in one case, it should be in the other. It is a fact necessary to be shown, to establish the right of the selectmen to make an assessment upon the plaintiff,—the very foundation of their jurisdiction. In regard to this the case of *Collamer* v. *Drury,* 16 Vt. 574, is strictly in point.

4. We do not perceive why the notice to Downer was not sufficient, so long as he expressly disclaimed all intention ever to pay the tax, unless compelled. Under these circumstances the law will hardly require of a collector to give time and appoint a place, where he will receive the tax.

Judgment reversed and cause remanded.