## John Hurlbut *v.* Lorenzo Green.

### *Tax. Domicil. Evidence. Notice.*

The question as to the plaintiff's domicil on the 1st of April being the one upon which the parties were at issue in an action of trespass against a tax collector, the plaintiff claiming that he was illegally assessed because his residence, on said April 1st, was in another town, it is competent for the defendant to prove that the plaintiff returned no list, and was not taxed in such other town that year.

*Held* that the burden of proof as to domicil was on the defendant, as decided in 41 Vt., 470.

Absolute refusal to pay a tax justifies the collector in proceeding to collect it, without giving notice where he will receive it. (19 Vt., 329; 26 Vt., 380.)

TRESPASS AND TROVER joined to recover the value of a horse. Plea, the general issue. Trial by jury, June term, 1869, Caledonia county, STEELE, J., presiding.

This cause was remanded from the supreme court for a new trial, and a new trial was had, upon substantially the same evidence as before. The facts are fully and correctly stated in the report of the case in the 41st of Vt. Reports, page 470.

On this trial the defendant offered to prove that the plaintiff returned no list in Danville, and was not taxed in that town in 1866. This evidence was objected to by the plaintiff, and excluded by the court, to which the defendant excepted.

The defendant requested the court to instruct the jury that if they should find the fact from the evidence that the plaintiff's domicil, on the first day of April, 1866, was equally established in Waterford and Danville, and also the further fact, (which the evidence tended to prove,) that the plaintiff told one of the listers of Waterford that he intended to make no return of his list in either town, the plaintiff could not recover. The court declined to so charge the jury, and told them that the burden of proof was on the defendant to establish the fact that the plaintiff's residence was in Waterford on the first day of April, 1866, and that it made no difference whether in point of fact the plaintiff was listed in any other town ; that though the facts and circumstances which indicate domicil may be equivocal, and so doubtful that even the party himself may be uncertain which of two places is his principal habitation or domicil, still one of them is such, and if either town, under such circumstances, undertook to tax the plaintiff, that town took upon itself the burden of establishing, by a fair balance of testimony, that the plaintiff's principal habitation or domicil was in that town, and that the failure of the plaintiff to perform his statutory duty of returning a list would not alter the case ; in short, that the plaintiff was entitled to recover unless the defendant proved, by a fair balance of testimony, that the plaintiff's principal habitation or domicil was in Waterford on the first day of April, 1866. To the refusal of the court to instruct the jury as requested, and to so much of the charge as is given, the defendant excepted. The court gave full instructions as to what constitutes domicil, and the different classes of evidence and circumstances which indicate it, and no exceptions were taken to that branch of the charge.

On the question of notice by the defendant to the plaintiff before the distraint, the defendant's evidence tended to prove that the notice was perfect in every respect. The plaintiff's evidence tended to prove that it was perfect in every respect save that the defendant did not notify the plaintiff of the place where he would receive the tax. The defendant's testimony tended to prove that he called on the plaintiff for his taxes before the occasion of the notice, showing him the bills and stating the amount, and that the plaintiff absolutely refused to pay them, and told the defendant he should never pay them, unless compelled to. The plaintiff's evidence tended to show that he refused to pay them until he should be better satisfied of their validity.

The court ruled, for the purposes of the trial, that the absolute refusal, if proved, would not excuse the defendant from his duty to give such notice as the statute requires, of the place where, after the statutory period, the constable would receive the tax. The jury, by a special verdict, found that such notice was not given, and also that the defendant failed to establish that the plaintiff's domicil, on the first day of April, 1866, was in Waterford. To the ruling of the court upon the question of notice, the defendant excepted. The jury returned a verdict for the plaintiff.

*Jonathan Ross* and *J. D. Stoddard*, for the defendant.

*W. A. Pierce*, for the plaintiff.

The opinion of the court was delivered by

PROUT, J. On the trial of this case, the defendant offered to prove that the plaintiff returned no list in the town of Danville in 1866, and was not taxed in that town. This evidence, on the plaintiff's objection, was excluded.

The question upon which the parties were at issue is one of domicil, or whether on the 1st of April, 1866, the plaintiff was an inhabitant of Waterford for purposes of taxation, or whether at that time he was an inhabitant of Danville. This question involves not only the fact of an actual residence of the party, but the intent with which it began and was continued. As remarked

in the opinion delivered in *Hulett, admr.*, v. *Hulett*, 37 Vt., 581, " one may take up his residence in a place, and have a fixed residence or domicil while he remains, though it be for a very short period of time," while on the other hand it may be continued for a long time without becoming his fixed place of abode. It depends upon the intent and purpose with which the residence was taken up or continued. This is to be ascertained by the duration of the residence, by what the party said, by his conduct, and by facts and circumstances which tend to disclose or show how he regarded it; and under some circumstances, by what he omits or neglects to do. In this case, we cannot presume that the plaintiff abandoned his domicil, and took up a temporary residence in Danville, for the purpose of evading the payment of his just and proportionate share of taxes, which is a common duty and burden resting upon all, and hence the requirement that all taxable inhabitants shall give in all their lists. The plaintiff's acts and conduct are to be considered in the light of, and as affected by, this requirement. Then again the case presents this feature :. On the trial the plaintiff *claimed* that Waterford illegally assessed him, because his residence was in Danville ; and in support of this claim he introduced evidence tending to show that he left his former place of residence permanently, intending to make his home elsewhere, and moved to Danville with his wife and a portion of his effects. This *claim* of residence in Danville, and the facts, are to be considered in connection and as involved in the issue. Consequently, any evidence that had a tendency to show the falsity of either was admissible. Proof that the plaintiff had given in a list in Danville would have been admissible in support of his claim, and so would the *circumstance* so to call it, that he did not, as affording an inference that it was unfounded, and that he so regarded it.

This view is not at all in conflict with the decision made in this case, and reported in the 41 Vt., 490. The case as then sent up presented only a question of *onus* of proof, but is now before us on a question of admissibility of evidence. The comments of the CHIEF JUSTICE, supposed to bear on the present question, were directed to the point as to the legal right of the town to tax the plaintiff, which we then thought and now think entirely sound,

As to the defendant's request, he was not entitled to the instruction claimed by it. In the opinion alluded to, this is expressly held. On the question of notice, the ruling of the county court was erroneous. The absolute refusal of the plaintiff to pay the tax when required, justified the defendant in proceeding to collect it, as held in *Downer* v. *Woodbury*, 19 Vt., 329, and in *Wheelock* v. *Archer et al.*, 26 Vt., 380. But this error was not injurious to the defendant, as the jury found, by special verdict, that the defendant failed to establish the fact that the plaintiff's domicil was in Waterford.

Judgment of the county court reversed and case remanded.