## CHARLES E. STILES *v.* CARLOS A. HITCHCOCK.

### *Collection of Taxes.*

A collector of taxes is under no obligation to give a receipt for taxes paid to him.

A tax-payer's refusal to pay his tax unless a receipt therefor be given him, is equivalent to an absolute refusal to pay, and is a waiver of his right to the statutory notice of six days before distress.

Evidence that it had been for a long time customary for the collector to give receipts, is not admissible. The duties of collectors are prescribed by statute, and cannot be varied by custom.

TROVER for a wagon. Plea, the general issue, and notice of justification as collector of taxes of the town of Pittsford. Trial by jury, March term, 1874, WHEELER, J., presiding, and verdict for the defendant. The defendant's testimony showed that he had taxes legally assessed against the plaintiff, and that on the 14th day of February, 1873, at his office in Pittsford, he asked the plaintiff if it was then convenient for him to pay the same, and he said it was, whereupon the defendant figured about eighty cents interest on them, and made a receipt for them with the interest; that the plaintiff inquired about the interest, and on being told the amount of it, declined to pay it; that the defendant then told the plaintiff that he would be there that afternoon ready to receive the taxes, and plaintiff said he should make a tender of them, and went out; that defendant tore up the receipt he had made, and wrote another for the taxes without interest, and had it there on the table; that the plaintiff returned with money and offered it to him to pay the taxes; that he offered to take it, and then the plaintiff withheld it, and demanded a receipt; that the plaintiff repeatedly offered him the money, and when offered to him, he offered to take it, and the plaintiff demanded a receipt for it, and he demanded the money without giving a receipt, and that the plaintiff, without offering him the money otherwise, went away; that he was there that afternoon ready to receive the taxes, but plaintiff did not pay them; that on the 28th of February, he took the wagon as a distress for the taxes, and sold it at public auction.

On cross-examination the defendant testified that it was customary to give receipts for taxes. The plaintiff's evidence tended to show that when the defendant called on him for these taxes on the 14th of February, the defendant claimed interest, and he declined to pay it, but offered to pay the taxes without interest, and tendered the defendant the amount thereof, which the defendant at first refused to receive, and then said he would take it, but it would not pay the taxes; that he claimed a receipt for the taxes, but the defendant refused to give any, and that it was customary to give receipts for taxes. The plaintiff offered to show that it had been customary there to give receipts for taxes since the year 1800. The defendant objected, and the evidence was excluded; to which the plaintiff excepted. The defendant did not claim that he had given the plaintiff any sufficient notice of the amount of the taxes, and of the time and place he would attend to receive the same, prior to said 14th of February; but claimed that the notice given that day, with the lapse of time after and before the distraint, was sufficient. The plaintiff, among other things, requested the court to charge, that he was entitled to a receipt upon the payment of his taxes, and if he fairly gave the defendant to understand that he would pay the taxes if the defendant would give a receipt, the demanding a receipt was not a refusal to pay; that if the jury found that the defendant did not give the plaintiff six days' notice of the time and place he would attend to receive his taxes, and of the sum in which he was assessed, the plaintiff was entitled to recover; that if the jury should find that the plaintiff fairly gave the defendant to understand that he was ready to pay his taxes without interest, the plaintiff is entitled to recover. The court declined to charge as requested, but charged that the plaintiff, by offering to pay the taxes on the 14th of February, waived his right to any further notice in regard to time and place of payment of them; and that, if the plaintiff made tender of the amount of the taxes without demanding a receipt as a condition to the taking of the money, the plaintiff would be entitled to recover, if not, the defendant would be entitled to recover. To the refusal to charge as requested, and to the charge as stated, the plaintiff excepted.

*Dunton & Veazey*, for the plaintiff.

Before distraining the property of the plaintiff, the defendant should have given him at least six days' notice of the sum he was assessed, and of the time and place he would attend to receive the same. Gen. Sts. ch. 84, § 8. The plaintiff did not waive his right to such notice. It has been repeatedly held that a refusal to pay a tax, is a waiver of the notice; and we submit that the converse is true, to wit, that an offer to pay is not a waiver of the notice. The defendant had no right to demand interest, and by so doing, it was, in legal effect, a refusal to receive the money in payment for the taxes, as it was his duty to do. Having refused the money, the defendant had no right to distrain property, without giving the notice required by statute. The evidence offered by the plaintiff that it had been customary in Pittsford to give receipts for taxes, should have been admitted. The custom to give receipts is so general and long established throughout the state, that courts will take judicial notice of it.

The court erred in not complying with the plaintiff's 3d request. The plaintiff's evidence tended to show that he was ready to pay his taxes without interest, and so gave the defendant to understand. The defendant claimed no waiver of notice on the part of plaintiff, for he gave him notice, and claimed that the notice was effectual.

*W. H. Smith*, for the defendant.

The plaintiff was not legally entitled to a receipt for money paid for taxes. A receipt is only demandable for fees of certain officers' bills. Gen. Sts. ch. 125, § 8. Custom made no difference. The verdict establishes the fact that plaintiff .offered his money only on *condition* of getting a receipt. A refusal to pay only on that *condition*, was, in legal effect, an *absolute* refusal. *Hurlburt v. Green*, 42 Vt. 316, and cases cited.

The provisions for notice, are for the benefit of the tax-payer, and a right that he may waive, and the plaintiff did waive it, by consenting to pay the taxes without further notice. He claimed and insisted upon a *tender*, which waives all defences.

The opinion of the court was delivered by

POWERS, J.   I.   The jury have found the fact that the plaintiff insisted upon a receipt as a condition to his offer to pay his tax. This he had no right to do.   The collector is under no obligation to give a receipt for taxes paid to him.   The plaintiff refused to pay unless the receipt was given.   This is equivalent to an absolute refusal to pay, and was a waiver of any right to the statutory notice of six days, required by § 8, ch. 84, Gen. Sts., to be given before making distress.   *Downer* v. *Woodbury*, 19 Vt. 329 ; *Wheelock* v. *Archer et al.* 26 Vt. 380 ; *Hurlburt* v. *Green*, 42 Vt. 316.

II.   The evidence offered by the plaintiff to show that it had been customary for the collector to give receipts for taxes paid, was properly excluded.   The duties of collectors in the collection of taxes, are all prescribed by statute, and cannot be varied by custom.   We find no error in the trial below, and the judgment is affirmed.