BRIGHTLOOK HOSPITAL ASSOCIATION *v.* STANLEY F. GARFIELD.

.Special Term at St. Johnsbury, April, 1918.

Present: WATSON, C. J., POWERS, TAYLOR, and MILES, JJ.

. Opinion filed May 16, 1918.

*Evidence—Contracts—Promise to Pay for Medical Treatment
and Care of Another—Trial—Direction of Verdict on
Motion by Both Parties.*

In an action brought by a hospital association against one who had
been injured while in the employ of a telephone company to re-
cover for his care and treatment, evidence on the part of defendant
that the general manager of the telephone company, at the time
defendant was taken to the hospital, agreed on behalf of the com-
pany to pay the expense incurred is admissible as tending to show
an express promise to pay the plaintiff which was accepted by
the latter and charged against the telephone company; and it is
immaterial, if such a contract was made, whether the general
manager had authority to bind the company for if he had not such
authority he bound himself.

Where neither party wishes to go to the jury on any issue of fact,
it is for the court to direct a verdict for one party or the other on
such a state of facts as it regards proved by the evidence, and the
verdict will be upheld if there is any evidence to sustain it.

Where, in an action brought by a hospital association to recover for
treatment and care furnished to defendant, there is shown an ex-
press promise of another person to meet the expense, made at the
time defendant was brought to the hospital, and understood to be
original and not collateral by such person, the defendant and the
hospital authorities, no promise implied in law arises on the part
of defendant.

ASSUMPSIT. Plea, the general issue. Trial by jury at the
December Term, 1917, Caledonia County, *Wilson,* J., presiding.
.At the close of the evidence both parties moved for a directed
verdict, and the court thereupon directed a verdict for defendant.
.Plaintiff excepted. The opinion states the case.

*Dunnett, Shields & Conant* for plaintiff.

*Porter, Witters & Harvey* for defendant.

MILES, J.   On the 22nd day of August, 1913, the defendant, while working for the New England Telephone Company, was severely injured and taken to the plaintiff's hospital in St. Johnsbury, where he was treated and cared for until November 3, 1913, incurring an expense in the sum of $167.19.  This action of contract, on the common counts, is brought to recover that sum. It is conceded by the defendant that, if the plaintiff is entitled to recover, it is entitled to recover that sum with interest on the same from November 3, 1913, to the date of judgment.  The general issue was pleaded and the case was tried by jury at the December term of the Caledonia County Court, 1917.

The plaintiff seeks to recover on a promise implied by law. The defendant defends on the ground that the liability was incurred by the New England Company or by its general manager, C. E. Merrill, under an express contract between Merrill and the plaintiff, with the understanding of the plaintiff, defendant, and the New England Telephone Company, through its general manager, at the time the defendant was taken to the hospital, that the telephone company was to pay the expense for the care and nursing of the defendant while at plaintiff's hospital.

The first exception taken and relied upon by the plaintiff was to the testimony tending to show the contract claimed by the defendant to have been made by Merrill, on behalf of the telephone company, with Mrs. Flora Lovejoy, matron of plaintiff's hospital, on behalf of the plaintiff, in which it was agreed that the telephone company should bear the expense incurred by the plaintiff in the care of the defendant, and that this contract was made in accordance with the understanding of the defendant, Merrill and Mrs. Lovejoy, Merrill acting on behalf of the telephone company and Mrs. Lovejoy on behalf of the plaintiff.  The objection to this evidence was based upon the ground that Merrill had no authority to bind the telephone company, and that the defendant, having received the benefit, with full knowledge of the same, a promise implied in law created a liability on his part, and that the promise of the telephone company, if one was made, was collateral, and did not extinguish the original liability of the defendant.

It is immaterial whether Merrill had authority to bind the telephone company; in other words it is of no importance whether the contract, which the defendant relies upon, was with the telephone company or with Merrill. If such a contract was made, allowing that Merrill had no authority to bind the telephone company, he would bind himself. *Clark* v. *Foster,* 8 Vt. 98; *Roberts* v. *Button,* 14 Vt. 195; *Royce* v. *Allen,* 28 Vt. 234; *Clay* v. *Wright,* 44 Vt. 538; *Hinsdale* v. *Partridge,* 14 Vt. 547. The testimony was therefore admissible as tending to show an express promise to pay the plaintiff for the expenditures on behalf of the defendant which was accepted by the plaintiff and charged by the plaintiff against the telephone company. This holding is not in conflict with *Sias* v. *Consolidated Lighting Co.,* 73 Vt. 35, 50 Atl. 554; *Whitwell et al.* v. *Warner et al.,* 20 Vt. 426; *Roben* v. *Ryegate Light & Power Co.,* 91 Vt. 402, 100 Atl. 768; *Lyndon Mill Company* v. *Lyndon Literary & Biblical Institution,* 63 Vt. 581, 22 Atl. 575, 25 Am. St. Rep. 783.

The remaining exception to be considered is to the court's refusal to direct a verdict for the plaintiff and to its direction of a verdict for the defendant. Since it affirmatively appeared from the record that neither party wished to go to the jury on any issue of fact, it was for the court to direct a verdict for one party or the other on such a state of the facts as it regarded proved by the evidence, and the verdict will be upheld if there was any evidence to sustain it. *Lowe* v. *Vermont Savings Bank,* 90 Vt. 532, 98 Atl. 1023. An examination of the transcript, referred to in the bill of exceptions, discloses that there was substantial evidence sustaining it. The evidence was clear that Merrill promised to pay the plaintiff for the care and nursing of the defendant while at its hospital, and that promise was original and not collateral, and that it was so understood by the defendant and by Merrill and Mrs. Lovejoy.

The express promise of Merrill being shown, no promise implied in law arises on the part of the defendant. *Morse* v. *Kenney,* 87 Vt. 445, 89 Atl. 865. The plaintiff's claim that Merrill's promise was collateral cannot be sustained, for there was no evidence in the case tending to support it. If the promise was made by Merrill, as the evidence tends to show, and as the court must have found, it was original, and he or the telephone company, to whom the credit was given, is liable on that promise.

*Judgment affirmed.*