PETER SORMANI *v.* JOHN CHRISTIANSON.

January Term, 1927.

Present: WATSON, C. J., POWERS, SLACK, and MOULTON, JJ.

Opinion filed February 2, 1927.

*Demonstrative Evidence—Necessity of Saving Exception Below to Court's Failure To Comply with Request for Instructions—Necessity of Calling Supreme Court's Attention to Evidence Bearing on Questions Raised by Motion for New Trial.*

1.  In action of tort for negligence arising out of automobile collision, admission in evidence of frame of defendant's car which was struck by plaintiff's car on left-hand side and badly dented and jammed, for purpose of showing marks on it, over objection that marks might have been made when frame was taken out of car, *held* without error, in view of other evidence in case.

2.  In such case, failure of court to comply with plaintiff's request to instruct jury that he had right of way, to which omission no exception was taken, is not available as error in Supreme Court, although discussed in plaintiff's brief.

3.  Where Supreme Court's attention was not called to any evidence bearing on questions raised by exception to refusal of lower court to grant plaintiff's motion for new trial on grounds that verdict was against evidence and that jury in arriving at verdict must have misunderstood charge of court in view of weight of evidence, matter will not be reviewed, since Supreme Court will not search record for evidence to form basis on which to reverse judgment.

ACTION OF TORT for negligence arising out of automobile collision. Plea, general issue. Trial by jury at the March Term, 1925, Washington County, *Fish*, J., presiding. Verdict and judgment for the defendant. The plaintiff excepted. The opinion states the case. *Affirmed.*

*Edward C. Dufficy* for the plaintiff.

*Melvin G. Morse* for the defendant.

WATSON, C. J.  The record states that the evidence tended to show that on September 28, 1923, the automobiles of the plaintiff and the defendant collided on North Main Street, near the intersection of Brook Street and North Main Street, in the city of Barre; that the defendant was traveling at a speed of twenty miles or more per hour near the center of the highway, coming from the direction of Montpelier toward Barre; that the plaintiff was traveling from Brook Street, an intersecting highway to the left of the defendant, along North Main Street, toward Montpelier.

The undisputed evidence was to the effect that the plaintiff's car struck defendant's car on the left-hand side; and that immediately after the accident the left-hand side of the frame of the latter car was badly dented and jammed.

[1]  Defendant offered in evidence the frame of his car, which was taken out after the collision, for the purpose of showing the marks on it.  Plaintiff objected to its admission on the ground that the marks might have been made when it was so taken out.  Defendant testified that in repairing his car the frame was taken out and a new one put in; that the frame was bent and twisted; that the injury to it was in the left front side; that there were marks on it and it was twisted on the left front, about 3½ feet from the front end of the frame, and between that point and the front end it was jammed; that the frame at the time of the trial was in the same condition as it was when taken out of the car.  In cross-examination he testified that he did not see the men take the frame off the car, but saw it just after they had done so.  The frame was received in evidence subject to objection made and exception taken "on the theory it might have been bent when taken out of the car."  Whatever force this exception might possibly have, if there were no other evidence bearing on the question, we need not consider; for one Johnson, a witness called by defendant, testified to examining defendant's car right away after the collision, and before it was moved from the place of the accident, and that it was hit in the front left wheel; that that wheel "was all smashed up," and "the frame, it was all twisted"; and the glass of the windshield was broken.

[2]  Plaintiff requested the court to charge that if the jury should find that the collision occurred at the intersection of the streets, the plaintiff had the right of way up to the center of the

street, and his brief discusses the omission of the court to comply therewith; but as he took no exception to such omission, the question is not before us.

[3] The record states that the plaintiff moved for a new trial according to written request in the possession of the court, and that to the court's declining to grant said motion, plaintiff excepted. A transcript of all the testimony, and copies of all exhibits, motions and requests are made a part thereof. The plaintiff's brief purports to quote two grounds assigned in this motion for a new trial, one of which is in short that the verdict is against the evidence as shown by the transcript, and the other, that the jury in arriving at the verdict must have misunderstood the charge of the court in view of the weight of the evidence. But as our attention has not been called to the evidence or any part of it bearing on the questions thus raised, the motion is not further noticed. As was recently said in *Goodrich* v. *Fuller,* 99 Vt. 6, 130 Atl. 679, this Court will not search the record for evidence to form a basis on which to reverse the judgment.

*Judgment affirmed.*