TOWN OF BRATTLEBORO *v.* FRANK O. CARPENTER & TRUSTEE.

Special Term at Rutland, November, 1931.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed January 6, 1932.

160

162

*Herbert G. Barber* and *Hale K. Darling* for the defendant.

*Frank E. Barber* and *Ernest W. Gibson, Jr.*, for the plaintiff.

THOMPSON, J. This is an action brought by the plaintiff against the defendant under the provisions of G. L. 917-920, whereby it seeks to recover taxes for the years 1927, 1928, and 1929, and interest thereon, and also eight per cent. commission claimed to be due under the provisions of G. L. 7458. The defendant pleaded a general denial, and also filed an answer under the provisions of G. L. 918, par. III, setting forth the particular grounds whereon he claims that such taxes are invalid or un-

lawful. There was a trial by jury. At the close of all the evidence the defendant moved for a directed verdict on the ground, among others, that "the evidence in the case, taken in the light most favorable to the plaintiff, does not tend to show, and does not establish a valid tax." The motion was overruled, and the defendant took and was allowed an exception.

The court, after it had disposed of the defendant's motion, said: "Is there anything that counsel or parties wish to go to the jury on, or do you prefer that it be disposed of by the court on the basis of what the plaintiff's evidence tends to show?" Defendant's counsel replied: "That is the defendant's position as stated." The court then said: "I am disposed on that theory to direct a verdict for the plaintiff. The understanding is that no exception will be taken to that action on the ground of the weight or credibility of the evidence—and in leaving it to the court, you are letting the court, in its direction to the jury, pass upon the weight and credibility of the evidence—taking that from the jury." Defendant's counsel replied: "Yes." The plaintiff then waived its right to go to the jury, and moved that the court, upon all the evidence in the case, documentary and other evidence, direct a verdict for the plaintiff for the full amount of the taxes with interest and the collector's fees. The court then said: "I don't mean that you haven't a right to take exception on the ground that the evidence is insufficient to warrant a verdict, but I don't want you to take exception on the weight or credibility of the evidence, simply take an exception on the insufficiency of the evidence." Defendant's counsel then said: "The defendant waives the question or right to go to the jury on the question of credibility or weight of the evidence. My motion for the directed verdict is upon the ground that specifically that the evidence taken as a whole, is inadequate to support the plaintiff's right to recover, and therefore a verdict should be directed for the defendant." The court then directed a verdict for the plaintiff for the full amount claimed. The defendant took and was allowed an exception to the directing of the verdict on the ground that it was not warranted upon the evidence, and also an exception to the judgment on the verdict.

We have stated what was said and done after the court had disposed of the defendant's motion for a directed verdict, because the defendant now says that the evidence was conflicting

on some of the issues in the case, and he did not waive his right to go to the jury on those issues.

 It is true, as claimed by the defendant, that the mere fact that a party moves the court to direct a verdict does not amount to a waiver of the right, if such he has, to have the case submitted to the jury. Such a motion is in the nature of a demurrer to the evidence of the adverse party, and challenges his right to go to the jury; but the moving party does not thereby concede that the case should be taken from the jury and submitted to the court on the evidence, unless there is no conflict in the evidence nor dispute as to the facts. *Mason* v. *Sault,* 93 Vt. 412, 414, 108 Atl. 267, 18 A. L. R. 1426; *Seaver* v. *Lang,* 92 Vt. 501, 510, 104 Atl. 877; *Bass* v. *Rublee,* 76 Vt. 395, 399, 57 Atl. 965. But, if in the trial, it affirmatively appears that neither party wishes to go to the jury, then it is for the court to direct such a verdict as in its judgment the evidence requires. *Fitzsimmons* v. *Richardson,* 86 Vt. 229, 232, 84 Atl. 811; *Seaver* v. *Lang, supra; Mascott* v. *Insurance Co.,* 69 Vt. 116, 37 Atl. 255; *Taylor* v. *Coolidge,* 64 Vt. 506, 510, 24 Atl. 656.

██ While there is a conflict in the evidence on some of the issues in the case, it appears clearly from the above statement of court and counsel that both parties waived their right to go to the jury, and agreed that the court should pass upon the credibility of the witnesses and the weight of the evidence, and direct such a verdict as in its judgment the evidence required. In such circumstances, the verdict will be upheld if there is evidence to sustain it; otherwise, there should be a judgment for the defendant. *Buckley* v. *Jennings,* 95 Vt. 205, 208, 114 Atl. 40; *Brightlook Hospital Asso.* v. *Garfield,* 92 Vt. 353, 355, 104 Atl. 99; *Lowe* v. *Vermont Sav. Bank,* 90 Vt. 532, 98 Atl. 1032.

Section 917 of the General Laws provides that taxes imposed or assessed under the provisions of Chapters 41, 42, 44, and 45, inclusive, and all fees accruing or accrued against the taxpayer on account of delinquency, may be recovered with costs in the name of the municipality or district to which such taxes are due.

Paragraph II of section 918 provides that, except as otherwise provided in this section, a tax bill regular on its face, which has been theretofore placed for collection in the hands of the officer designated by law to collect the same, shall be *prima facie* evidence that the taxes therein standing against the name of the defendant were lawfully assessed against him.

Paragraph III of section 918 provides that, if the defendant disputes the validity of some part or all of a tax for the recovery of which suit is brought, "he shall not avail himself of such defense unless he shall, by appropriate answer or notice in writing, set forth the particular grounds whereon he claims such tax is invalid or unlawful. When such grounds are so set forth, the burden of proof shall be upon the plaintiff as to the validity of such tax thus put in issue."

■ The plaintiff, in putting in its opening case, introduced evidence which it claims shows that the listers and other town officers complied with the statutory requirements which are prerequisite to a valid tax so far as the validity of the taxes in question is put in issue by the general denial and answer of the defendant.

The defendant did not question this procedure at the trial below, but insisted upon it. When the plaintiff offered the tax bills in evidence, the defendant objected to their being received until the plaintiff showed that it had complied with all the statutory requirements for a valid tax. The court sustained the defendant's objection, and compelled the plaintiff to put in evidence not only to meet the particular grounds of objection set forth in the defendant's answer, but also to meet many objections made during the trial, the grounds of which are not set forth in the answer, before the tax bills were received.

The defendant now says that the plaintiff should have put in the tax bills and then rested, leaving it for the defendant to prove the material facts set forth in his answer; that when such facts were brought forward by the defendant's evidence, then the burden of proof rested on the plaintiff to show the validity of the taxes by way of rebuttal; that since the court did not follow this procedure, the pleadings should be construed according to the common law, *i.e.*, that the general denial puts in issue all facts tending to show that the plaintiff has no cause of action; that, in this view, the "particular grounds" referred to in paragraph III are waived by the plaintiff by its course in putting in its opening case.

The defendant cannot "right about face" so easily as this. He invited the court to adopt the procedure which the plaintiff was obliged to follow, and he cannot now claim any special advantage by reason thereof. He is still confined to the particular grounds of defense which are set forth in his answer.

■ ■ We think the course taken in the trial below was the proper one, to a certain extent. The defendant does not question that each of the tax bills for the taxes in question is regular on its face. The statute makes them *prima facie* evidence that the taxes therein standing against the name of the defendant were lawfully assessed against him, that all of the statutory requirements for a valid tax had been complied with. The court should have received the tax bills in evidence when they were first offered. The objections made to them were not set forth in the answer. The defendant did not set forth any grounds of objection in his answer to the tax bills, and he could not, by the very terms of the statute, avail himself of any defense without setting forth the "particular grounds" of it in his answer. *City of Montpelier* v. *Central Vt. Ry. Co.*, 89 Vt. 36, 44, 93 Atl. 1047. So far as the answer sets forth the particular grounds whereon the defendant claims that the taxes or any of them are invalid, the statute places the burden of proof upon the plaintiff in so far as the validity of the tax is thus put in issue; and it had to make such proof in its opening case, for otherwise it would have failed to make a case.

■ One ground of defense raised by the defendant's answer is that the quadrennial appraisal for the year 1926 was not "made up" and filed with the town clerk in the manner and within the time required by G. L. 732. The defendant does not rely now upon this defense; but he does rely upon an exception allowed to the admission of this quadrennial appraisal on the ground that it does not affirmatively appear that the preliminary oath of qualification was taken by the listers and recorded in the town clerk's office as required by law. This exception is not available to the defendant as the particular grounds of the exception are not set forth in the answer.

■ ■ The plaintiff introduced in evidence a certified copy of the quadrennial appraisal of 1914 of the defendant's real estate to meet the matters set forth in paragraph 2, (a) and (c) of defendant's answer relating to the quadrennial appraisal of 1926 of his real estate, subject to the exception that it was irrelevant, incompetent, and remote. The defendant has not briefed the questions raised by paragraph 2, (a) and (c) of his answer, and has therefore waived them. He has briefed his exception to the admissibility of the quadrennial appraisal of 1914; but since the defense against which this evidence was re-

ceived has been waived, error, if there was any in receiving it, is rendered harmless.

Plaintiff's Exhibit 12 is a tax inventory for the year 1927 signed by the defendant. At that time he owned taxable intangibles, but he did not put them into his inventory. The listers undertook to appraise them and set them in the general grand list subject to the general property tax as provided by section 1, No. 14 of the Acts of 1927. Plaintiff's Exhibit 12a is a loose sheet of paper on which the listers made a memorandum of such appraisal.

Both exhibits were received in evidence subject to the objection and exception of the defendant. The objections to these exhibits are not set forth in the defendant's brief, although certain grounds of objection are briefed. The brief contains this statement: ''The plaintiff introduced the inventory for that year (1927), Plff's Ex. 12 as shown by Tr. p. 92; also an extra sheet of the same, Plff's Ex. 12a, Tr. p. 67. Both were objected to and they were admitted subject to defendant's exceptions.'' The only objection shown on page 67 of the transcript to the admission of Plaintiff's Exhibit 12a is that it is incompetent. This objection is not briefed, and therefore is waived.

So far as we can glean from the transcript, the objections to the inventory are that the defendant did not answer the interrogatories therein nor make oath thereto as required by the provisions of G. L. 751. There is a third objection that the listers had no right to accept this inventory, and that it was not admissible for the purpose of supporting the grand list book or the tax bills. This last objection has more to do with the legal effect of the inventories as to the procedure of the listers in appraising the defendant's intangibles and will be noticed later.

We think that the first two objections are not available because the particular grounds thereof are not pleaded in the answer. It is set forth in the answer, ''That a tax inventory was not made and returned by the defendant for the years 1927 and 1928 as required and provided for by the statute laws of the State.'' This allegation is too general and indefinite to comply with the provisions of G. L. 918, par. III, that a defendant, to dispute the validity of a tax, ''shall, by appropriate answer or notice in writing, set forth the *particular grounds* whereon he claims such tax is invalid or unlawful.''

Prior to the enactment of section 2, No. 52, of the Acts of 1910, now G. L. 918, the general issue in a suit to collect a delinquent tax placed the burden upon the plaintiff of proving that the listers and other town officers charged with the duty had complied with all the statutory requirements which are essential for a valid tax.

It is plain that the Legislature intended, by the enactment of the provisions of G. L. 918, that, in a suit to collect a delinquent tax, if the plaintiff had a tax bill regular on its face which had been theretofore placed in the hands of the officer designated by law to collect the same, it should be relieved from the burden of proving that there had been a compliance with such requirements, except as to such specific acts or omissions which are alleged in the defendant's answer as ''particular'' grounds why the tax is invalid or unlawful. ''Particular,'' according to Webster's New Int. Dict., means ''A separate or distinct member of a class, or part of a whole; an individual fact, point, circumstance, detail or item, which may be considered separately.''

This is the ordinary meaning of the word, and it is clear that the Legislature used it in this sense.

There are certain defenses which can be taken advantage of under the general issue. Since a tax bill is essential to recovery in actions of this kind, the want of it may be taken advantage of under the general issue. *Williamstown* v. *Williamstown Co.*, 101 Vt. 419, 425, 144 Atl. 203.

But where there is a tax bill regular on its face, and it is claimed that there was some act or failure to perform an act which affects the validity of the tax, the alleged act or failure to act must be set forth in the defendant's answer with sufficient certainty and definiteness to apprise the plaintiff of the precise ground of defense it will have to meet. In *City of Montpelier* v. *Central Vt. Ry. Co.*, supra, page 43, of 89 Vt., 93 Atl. 1047, 1051, it appears that objections to a quadrennial appraisal were ''that the property is not properly classified, and that the statute had not been complied with in the making out and filing of the list.'' This Court said: ''These objections were altogether too general and were properly overruled.''

The abstracts of the defendant's individual lists for 1927 and 1928 were received in evidence subject to objection and exception. The defendant claims that these lists are in-

valid because it does not affirmatively appear that, when the listers had lodged the abstract of individual lists in the office of the town clerk, they also posted notices in at least five public places in the town, setting forth that they had completed and filed such abstract, and the time and place for hearing grievances and making corrections as required by G. L. 784, par. V. It does not affirmatively appear in the record that such notices were posted.

The plaintiff says that this question is not raised by the defendant's answer. The defendant alleges in paragraph (f) of his answer: "That there are omissions by the listers of the plaintiff town wherein they failed and neglected in other particulars to comply with the requirements and provisions of the law concerning the taxing of the property of defendant, viz., that notices of the listers' proceedings for said years with reference to taxing defendant's property were not given as required by Chapter 42, General Laws of Vermont, 1917, and amendments thereto." In paragraph (h) he alleges: "That the listers of said town in attempting to make up the tax list for the town of Brattleboro in so far as relates to the defendant's tax failed and neglected to give to defendant such notices as required by law as aforesaid and to complete said abstracts and to have the same filed with the Town Clerk within the time and in the manner that the statute laws of Vermont specify."

At the trial below, the defendant claimed that the allegations in the two paragraphs of the answer just quoted set forth the grounds, whereon he claims that the taxes are invalid because statutory notices were not given, with sufficient particularity to place the burden upon the plaintiff to prove that the listers gave all the notices required by statute of their proceedings in taxing his property and in making his tax list. It appears from what we have already said that this is not so. The allegations are too general and indefinite to comply with the provisions of G. L. 918. The ground that notices were not posted is not specified in the answer, and the defendant is precluded from urging it now.

Another reason why this particular ground of defense is not available is that it appears from the record that it was not raised below and therefore this Court will not consider it. *Fowler* v. *Barlow*, 102 Vt. 99, 107, 146 Atl. 77; *Land Finance Corporation* v. *St. Johnsbury Wiring Co.*, 102 Vt. 256, 258, 147

Atl. 285; *In re Waterman's Will*, 102 Vt. 443, 449, 150 Atl. 65.

The only taxable property the defendant owned in 1927 and 1928, other than his intangible property, was his real estate and live stock. It appears from the evidence, viewed in the light most favorable to the plaintiff, that in each year, before the defendant signed his inventory, his real estate and live stock were appraised by the listers; that the defendant knew what the appraisals were and found no fault with them; that the inventories were accepted by the listers; and that it was on these inventories and appraisals that the defendant's grand list of his real estate and tangible personal property were based.

In each year the listers proceeded under the provisions of section 13 of No. 21, Acts of 1925, as amended by section 1 of No. 14, Acts of 1927, and appraised his taxable intangible property at its true value in money, and set it in the general grand list subject to the general property tax.

The first paragraph of section 1 of No. 14, Acts of 1927, reads as follows: "Whenever the listers of any town have reason to believe and do believe that any taxpayer is evading or attempting to evade the provisions of sections 1 and 2 of this act (1925), they shall summon such taxpayer and make such examination as is herein provided and if they find that he has wilfully omitted from his tax inventory any property which should have been included therein under the provisions of sections 1 and 2 of this act, they shall appraise the same at its true value in money and set it in the general grand list and the same shall be subject to the general property tax. Listers shall have power to require the production of books, affidavits, papers and documents of all kinds and the appearance of any person in the state to determine the amount of any tax or to determine whether any tax has been evaded or any return falsified." This paragraph was not in section 13 when No. 21 was enacted in 1925, and it is the amendment of 1927.

Section 1 of No. 21, Acts of 1925, provides that certain classes of intangibles, of which one class is "money loaned at interest or otherwise to a person, co-partnership or corporation within or without this state," shall be annually set in the abstract of individual lists and the grand list to the owner thereof, at one per cent. of its appraised valuation, and shall be subject to an annual tax of forty cents on the dollar of such grand list. The provisions of section 2 are not material in this case. Section 5

provides that all persons making and filing tax inventories shall therein state the total amount of each item of taxable personal estate mentioned in each of the classes specified in sections 1 and 2 of the act. Section 16 provides that the act shall be construed to be a part of Title 10 of the General Laws. Title 10 is entitled "Public Revenue." It embraces sections 666 to 965, inclusive, of the General Laws, except certain sections which have been repealed. It covers our general statutory law of taxation.

G. L. 780, which was in force when No. 21, Acts of 1925, was enacted, provides: "If a person wilfully omits to make, swear to and deliver an inventory, or to answer any interrogatory therein, as required by this chapter (42), or makes a false answer or statement therein, or if the listers believe that an inventory does not contain a full, true and correct statement of the taxable property of such person, * * * said listers shall ascertain as best they can the amount of the taxable property of such person and set the same in the grand list at its value in money." This section also provides what the listers shall do if, in their opinion, the amount so obtained is less than the amount of the taxable property of such person.

The word "wilfully," as used in G. L. 780, has been construed by this Court to mean "intentionally," and nothing more. *Newell* v. *Whitingham*, 58 Vt. 341, 2 Atl. 172; *Buchanan* v. *Cook* 70 Vt. 168, 174, 40 Atl. 102. It has the same meaning as the word is used in the amendment of 1927.

It is not questioned that the defendant had loaned money at interest secured by western mortgages, and that on April 1, 1927, the amount of such loans which were paying interest was $10,250, and on April 1, 1928, $8,650. It appears from the record, viewed in the light most favorable to the plaintiff, that this money was taxable under the provisions of section 1 of No. 21, Acts of 1925, and that the defendant "wilfully" omitted the same from his inventory in those years.

The defendant contends that the listers should have rejected his inventories for 1927 and 1928, and should have proceeded each year under the provisions of G. L. 780, and appraised all of his taxable property and set it in the grand list at its true value in money.

Three grounds set forth in the defendant's brief why the inventories should have been rejected are: That the oath was

signed by the defendant, but in blank; that the jurat is defective, for it does not show who personally appeared and subscribed to the oath before the listers; and that the defendant did not answer all of the interrogatories in the inventories. These particular grounds of defense are not before us for consideration, as they are not set forth in the answer.

It does not appear that the defendant wilfully omitted to do any of the acts specified in G. L. 780, except to omit his intangibles therefrom. The defendant says that since he omitted his intangibles from his inventories for these years, the listers should have proceeded under G. L. 780 rather than under the amendment of 1927.

When the provisions of G. L. 780 and of the amendment of 1927 are read together as parts of Title 10, it is plain that it was the intention of the Legislature, if the inventory of a taxpayer of his tangible property conforms to the provisions of the statutes regulating the making of inventories, that the wilful omission of his taxable intangible property shall not invalidate the inventory nor subject the taxpayer to the assessment of a tax under the provisions of G. L. 780. The taxation of intangibles, as provided in No. 21, Acts of 1925, is a new feature in the general scheme of taxation in this State, which was not in the mind of the Legislature when G. L. 780 was enacted.

Intangibles are a specie of property that is easily concealed; and the amendment of 1927 provides for means for bringing intangibles, which have been wilfully omitted from an inventory, to light, which are not available under the provisions of G. L. 780. The Legislature, by the amendment of 1927, has provided a method by which the payment of taxes on intangibles by a taxpayer who has wilfully omitted them from his inventory can be secured without affecting the general method of assessing a tax on real estate and tangible personal property that has been properly inventoried. The listers followed the proper course in proceeding against the defendant under the provisions of the amendment of 1927.

The money loaned by the defendant, which made up his taxable intangibles, was loaned through the Vermont Loan & Trust Co., sometimes referred to as Putnam's Agency. In 1927, the listers obtained the amount of the intangibles from this company. Plaintiff's Exhibit 12a, is a loose, printed sheet of paper, evidently furnished by the tax commissioner

to be attached to the inventories of 1927. It contains printed interrogatories about intangibles to be answered by the taxpayer.

When the listers proceeded under the provisions of the amendment of 1927 and appraised the defendant's intangibles and set them in the grand list subject to the general property tax, they wrote the following on this exhibit:

| "In Putnam's agency, | Total | $15,850 |
| | In troubles | 5,600 |
| | | |
| Western Mortgages | | $10,250 |

$10,250 to be set in general property tax 367½'';

and attached the exhibit to the defendant's inventory.

The defendant claims that this was a material alteration of the inventory which rendered the taxes for that year invalid.

It appears from the record that the listers, in writing what appears on this exhibit, did not intend to alter the inventory, but were making a memorandum of what they had done in appraising the defendant's intangibles and setting them in the general grand list. It also appears that there was no change in what had been written in the inventory previously, and that the listers acted in good faith in what they did.

It was not necessary for the listers to write anything on the exhibit, and it might have been better judgment to have made their memorandum on some other piece of paper, but we think their act did not invalidate the taxes for that year: The defendant has not been injured as there has been no change in the appraisal of his property nor in his grand list by reason of the memorandum. It is not every imperfection that invalidates a grand list. This Court has always upheld the validity of lists when made in good faith, and the errors complained of were the result of mistake in judgment of town officers. To require of listers a strict and technical compliance with all the requirements of the law in making lists, would invalidate most of the lists in the State and render it impracticable, if not impossible, to make lists on which taxes could be collected. *Brock* v. *Bruce,* 58 Vt. 261, 267, 2 Atl. 598; *Wilson* v. *Wheeler,* 55 Vt. 446, 453.

On June 10, 1927, the listers sent a summons to the defendant to appear before them at their office in the Town Hall Building at ten o'clock, June 13, 1927. The summons states that it is sent "in accordance with the authority given us by section 13 of No. 21 of the Acts of 1925, as amended on March 24, 1927."

The defendant did not appear before the listers at the time specified in the summons. They had their hearing. On June 13, 1927, they sent a notice, Plaintiff's Exhibit 14, to the defendant by registered mail, which states, in substance, that they had found that he had wilfully omitted from his inventory filed with them taxable intangibles amounting to $10,250, and "we have appraised the same at its true value in money, which is $10,250, and have set the same in the general grand list subject to the general property tax, in accordance with the requirements of said Act."

The notice was received in evidence subject to the objections and exception of the defendant that the notice was not issued according to the provisions of G. L. 782, as amended by section 1 of No. 36, Acts of 1921, and that it did not state what items entered into the sum of $10,250. G. L. 782, as amended, provides that when the list of a person has been made under the provisions of G. L. 780, "he shall be notified thereof by the listers on or before six days from the day fixed by law on or before which abstracts of individual lists shall be completed and lodged in the town clerk's office, by a written notice delivered to him personally, or by registered mail, or left at his last usual place of abode, if a resident." The notice was not sent to the defendant within the time specified by the statute. The amendment of 1927 does not provide that the listers shall give a person notice of their action when they set his taxable intangibles in the grand list subject to the general property tax. There seems to be some merit in this claim of the defendant. The trouble is that neither this question nor the other question is before this Court, because the particular grounds of the objections are not set forth in the answer.

In 1928, the defendant was summoned and appeared before the listers at a hearing about setting his intangibles for that year in the grand list subject to the general property tax. At the close of the hearing, the listers notified him orally that they would have to set his intangibles in the grand list subject to

the general property tax because they found that he had wilfully omitted them from his inventory, and they did so set them. It does not appear that the listers gave him any written notice of their action, and the fair inference from the record is that they did not. The defendant says that the failure of the listers to give him a written notice as required by G. L. 782, invalidates his tax for that year. This particular defense is not available because it is not set forth in the answer.

The defendant says that the summons sent to him in 1928 is objectionable because it does not state that the defendant "wilfully" omitted his intangibles from his inventory. This objection is not before us for consideration as it was not made below.

The plaintiff, in its opening case, called the defendant as a witness and examined him. The defendant, in his brief, finds fault with this procedure. He does not brief any particular exceptions taken during the examination of the defendant, but refers to the transcript, "pp. 13 to 25, both inclusive, for exceptions." It also called two of the listers, Mr. Sylvester and Mr. Lyle, as witnesses and examined them about certain proceedings relative to defendant's taxes in 1927 and 1928. The defendant says that the testimony of the listers was "absolutely incompetent" to prove the legality of the taxes sued for. He says that numerous objections were interposed and exceptions taken to their testimony, but, aside from three, the grounds of which are set forth in the brief, these exceptions are not called to our attention except by reference to many pages of the transcript. For this reason we do not consider them nor the exceptions taken during the examination of the defendant, as this Court will not search the record for objections and exceptions on which to reverse the judgment. *Sormani* v. *Christianson*, 100 Vt. 185, 135 Atl. 769; *Goodrich* v. *Fuller*, 99 Vt. 6, 130 Atl. 679.

The defendant alleges in his answer, in substance, that in 1927 and 1928 he told the lister who called upon him where the listers could obtain accurate information about his taxable intangibles, and the lister agreed that he would obtain such information and would insert the same in the column for taxable intangible estate in the defendant's inventory. This was denied by the listers. The plaintiff's evidence tended to show that after the listers accepted the defendant's inventory in 1927, they were told that the defendant owned taxable in-

tangibles and where they could obtain information about them.

Mr. Sylvester and Mr. Lyle refused on cross-examination to tell the names of the person who gave them this information, and the court upheld them in their refusals. The defendant was allowed an exception on the ground that it was a denial of his right to test the credit, memory, or accuracy of the witnesses. There is no error here. The scope and extent of cross-examination rests largely in the sound discretion of the trial court, and its ruling thereon is not revisable in the absence of abuse thereof. It does not appear that the court abused its discretion. *Merrihew's Admr.* v. *Goodspeed,* 102 Vt. 206, 211, 147 Atl. 346, 66 A. L. R. 1109; *Shields et al.* v. *Vermont Mutual Fire Ins. Co.,* 102 Vt. 224, 251, 147 Atl. 352.

■ Mr. Sylvester was asked in direct examination: "Did Mr. Carpenter ever make any complaints to your board in regard to the list of 1927, in regard to real estate or for the tangible personal property?" Subject to defendant's exception on the ground that it was "incompetent, irrelevant and not a proper way in which to prove the fact," the witness answered, "No." It does not appear that the question and answer were material, or that the defendant was harmed thereby. The exception is not sustained.

The defendant says that the plaintiff did not take the steps required by law to make the taxes in question "delinquent."

It appears that the taxes for the years in question were collected by the collector under a tax bill issued by the selectmen under the provisions of G. L. 3970 with warrant attached.

G. L. 881 provides that the collector shall indorse on a tax bill the time when it was received, and immediately give six days' notice to each resident taxpayer of the amount of his tax "and *where* and when it is to be paid."

■ ■ All of our laws relating to enforced collection of taxes are aimed at "delinquent" taxpayers and "delinquent" taxes. All of our cases hold that to make an unpaid tax "delinquent," it is essential that the collector give notices to the taxpayers of the time and place when and where he will be to receive the tax, and that no property can be taken nor sale had under the tax bill and warrant without it, unless excused by a demand and a refusal equivalent to an absolute refusal to pay. *Downer* v. *Woodbury,* 19 Vt. 329; *Wheelock* v. *Archer,* 26 Vt. 380; *Hurlburt* v. *Green,* 42 Vt. 316; *Brock* v. *Bruce,* 58 Vt. 261,

269, 2 Atl. 598; *Brush* v. *Watson*, 81 Vt. 43, 47, 69 Atl. 141; *Smith* v. *Stannard*, 81 Vt. 319, 330, 70 Atl. 568; *Williamstown* v. *Williamstown Company, supra,* page 422 of 101 Vt., 144 Atl. 203. And such notice is also necessary when an action to collect taxes is brought under the statute. *Smith* v. *Stannard, supra; Williamstown* v. *Williamstown Company, supra.*

Like notices were sent to the defendant by the collector in 1927, 1928, and 1929. They were received in evidence subject to the exception of the defendant.

 The notices purport to be, and they are, unsigned collector's receipts. They show the defendant's grand list, the different rates which make the total tax rate, and the defendant's total tax. They contain the words "PAYMENT IS HEREBY DEMANDED," but none of them state the time and place when and where the collector will be to receive the tax. These notices do not comply with the requirements of the statute, and this suit cannot be maintained unless there was a demand by the collector and a refusal equivalent to an absolute refusal to pay by the defendant.

 It appears from the record that before suit was brought the collector demanded payment of the taxes by the defendant, and that the defendant refused to pay the taxes for 1927 and 1928 "unless something was abated." The defendant had no right to impose this condition upon his offer to pay. The collector could not abate any of the taxes, and he was under no obligation to take them before the board of civil authority for that purpose. The defendant's conditional refusal to pay is equivalent to an absolute refusal to pay, and was a waiver of any right to the statutory notice. *Stiles* v. *Hitchcock,* 47 Vt. 419, 19 A. R. 121. In that case, the plaintiff insisted upon a receipt as a condition to his offer to pay his tax. It was held that this was equivalent to an absolute refusal to pay because the collector was under no obligation to give a receipt for taxes paid to him.

It does not appear that the defendant refused to pay the tax for 1929; and the court erred in rendering judgment against him for the amount thereof.

The defendant has cited in his brief many decisions of this Court in tax cases wherein it is held that the failure to prove that the statutory requirements which are prerequisite to a void tax had been complied with, renders the whole tax invalid.

These cases, with one exception, were decided before the enactment of the provisions of G. L. 918. If they have not been followed in this opinion, it is because the questions on which they are authority have not been raised by the defendant's answer. We speak of this that the defendant may not think that we have ignored previous decisions of this Court.

▮▮ The plaintiff was allowed to recover interest at the rate of six per cent. on the taxes of each year from the first of October in the year they were assessed.

Section 1 of No. 39, Acts of 1919, as amended by section 1 of No. 38, Acts of 1921, provides that a town, city, fire, or school district in which the taxes are collected by a collector and which does not vote to give a discount for the prompt payment of taxes, may vote to adopt the provisions of the act, and if it so votes, the taxes assessed shall be due and payable not later than the first day of October, and on taxes so assessed that remain unpaid after such date, interest shall be paid at the rate of one-half per cent. per month until such taxes are paid.

It appears from the record that in each of the years in question there was an article in the warning for the town meeting: "To see if the Town and Town School District will vote to adopt the provisions of No. 38, Acts of 1919, as amended by the Legislature of 1921, in reference to charging interest on taxes not paid by October 1st." The article is "No. 31" in the warning of 1927, and "No. 28" in the warning of 1928.

Plaintiff's Exhibits 21 and 22 are certified copies of the record of the vote on said articles in the years 1927 and 1928, respectively. We do not consider the vote taken in 1929, as the tax for that year is out of the case.

In 1927 the vote was: "Art. 31. Under article 31 S. A. Richmond moved that an interest charge of ½ of 1% be made on all unpaid taxes after October 1, 1927. The motion was seconded and on vote declared carried." In 1928 the vote was: "Art. 28. Under article 28 on motion of C. Warner Hopkins, duly seconded, it was unanimously voted to charge interest after October 1st on all unpaid taxes at the rate of ½% per month."

The record of each of these votes was received in evidence subject to the exception of the defendant on the ground that "there is nothing in the exhibit that shows that the town voted to accept the provisions of the act in question."

It appears that the court had some doubt of the legal effect of the votes, and it asked if there was any evidence that the statute had ever been accepted. The plaintiff then read into the record parts of the record of the town meeting of 1922, from which it appears that article 12 of the warning was to see if the town would vote to adopt the provisions of the statute. The vote was: "Under Article 12 a motion is made and carried that the Town hereby adopts the provisions of the Act of 1919 relative to an interest charge on unpaid taxes, and that interest at the rate of ½ of one per cent. per month or fractional part thereof be charged on all taxes not paid by October first, 1922." The court then said: "My understanding is that when that Act was adopted, it continues until changed." That this statement was intended as a ruling of law is not questioned. The defendant was allowed an exception to the ruling.

There would be force to the ruling of the court if the vote had stopped with the adoption of the provisions of the statute, but the ruling was error because the whole vote shows that the provisions of the statute were confined to taxes "not paid by October first, 1922." We are therefore confined to the question if the legal effect of the votes of 1927 and 1928 was an adoption of the provisions of the statute.

The votes do not adopt the provisions of the act in the words of the warning, but the town did vote, in substance, that the very thing should be done which the statute provides shall be done when its provisions are adopted and which the town could not do unless it adopted such provisions. We think that the vote in each year was in legal effect an adoption of the provisions of the statute. There was no error in allowing the items of interest.

■ G. L. 7458 provides that a municipality may make any contract with its collector for the collection of taxes that is authorized; and that on all taxes collected after the expiration of ninety days from the giving of the notice required by G. L. 881, the collector shall be allowed to tax and collect from the taxpayer a commission of eight per cent. on the amount of the tax.

In 1927 and 1928 the plaintiff made a contract with its collector whereby it paid him $1,500 each year for collecting its taxes.

The court ruled as matter of law that the plaintiff was entitled to recover the eight per cent. commission on the amount of the taxes in suit, which the collector could have collected if he had collected the taxes. The defendant excepted.

The argument of the defendant is that since the collector did not collect the taxes, the plaintiff cannot recover the eight per cent. commission.

It appears from the provisions of G. L. 917 that an action at law to collect taxes shall be brought in the name of the municipality to which such taxes are due. There is no statute which authorizes the collector to bring an action in his name.

G. L. 919 provides that whenever the proper officer has a delinquent tax in his hands for collection, he may notify the agent or other proper officer whose duty it is to prosecute and defend suits wherein such municipality is interested, of the amount of such tax *and of all fees accrued thereon,* who may, in his discretion, institute suit therefor under the provisions of G. L. 917 and 918. The first paragraph of G. L. 917, which we have already quoted, provides that *all fees accruing or accrued against the taxpayer on account of delinquency* may be recovered in the action brought in the name of the municipality under the provisions of this section.

There can be no question that, under the express provisions of these statutes, the eight per cent. commission on the amount of the taxes of 1927 and 1928 can be recovered in this action. The exception is not sustained.

It appears from the record that the taxes, interest, and fees for the years 1927 and 1928 amount to $1,518.72.

In this proceeding costs of suit are to be taxed as may be deemed just and reasonable. G. L. 917, par. II. Since neither party has prevailed in full in this Court, we think it is just and reasonable that neither party be allowed costs.

*Judgment affirmed except as to the amount recovered; as to that reversed and judgment that the plaintiff recover of the defendant $1,518.72, without costs in this Court.*